## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

OLANREWAJU DENNIS OJO                )
1262 Limit Ave                                       )
Baltimore, MD 21209                              )
                                                                )
     PLAINTIFF                                  )
                                                                )
        V                                         )
                                                                )
MICHAEL CHERTOFF, Secretary       )
Dept. of Homeland Security              )
425 Murrah Dr., Building                   )
Washington, DC 20528                       )
                                                                )
DR. EMILIO GONZALEZ, Director    )
U.S. Citizenship and Immigration Services  )
20 Massachusetts Ave. NW                )
Washington, DC 20529                       )          CIVIL ACTION
                                                                )          Case Number:
GREGORY L. COLLETT, District       )
Director, U.S. Citizenship and            )
Immigration Services                         )
31 Hopkins Plaza, 1st Floor               )
Baltimore, MD 21201                          )
                                                                )
     DEFENDENTS                                )
                                                                )
*Also Served*:                                       )
                                                                )
U.S. ATTORNEY'S OFFICE              )
Attn: Civil Process Clerk                    )
6625 United States Courthouse         )
101 West Lombard Street                   )
Baltimore, Maryland 21201-2692       )
*-Via Certified Mail*                            )
                                                                )
U.S. ATTORNEY GENERAL             )
10th & Pennsylvania Avenue, NW    )
Washington, D.C. 20530                     )
*-Via Certified Mail*                            )
                                                                )

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND PETITION FOR WRIT OF MANDAMUS

The Plaintiff, Mr. Ojo (A74-203-808), by and through the undersigned counsel, complains of the Defendants, MICHAEL CHERTOFF, Secretary, U.S. Department of Homeland Security; EMILIO T. GONZALEZ, Director, U.S. Citizenship and Immigration Services; and RICHARD C. CATERISANO, District Director, U.S. Citizenship and Immigration Services of the Baltimore, Maryland Service Center, as follows:

## PRELIMINARY STATEMENT

1.   This is a mandamus action for declaratory and injunctive relief to compel the Defendants and those acting under them to immediately and forthwith take all appropriate action to transfer Plaintiff's appeal from a CIS decision denying his I-130 Petition for Alien Relative (I-130) to the Board of Immigration Appeals (BIA).

2.   The I-130 Appeal, which was properly filed by the Plaintiff and was received by the Defendant, the U.S. Department of Homeland Security ("DHS"), U.S. Citizenship and Immigration Services ("CIS"), on June 8, 2005. *See Exh 1.* The Notice of Appeal remains within the jurisdiction of the Defendants, who have improperly withheld action on the Plaintiff's Notice of Appeal.

3.   Specifically, Plaintiff seeks a declaration of his rights and other legal relations under the Immigration and Nationality Act (I.N.A.) § 204 and the Plaintiff further seeks equitable relief from Defendant's June 8, 2005 revocation of his approved I-130 Petition.

4.   Plaintiff further requests of the Court that it issue a writ of mandamus compelling Defendant to reopen and re-approve Plaintiff's I-130 Petition

pursuant to I.N.A. § 204 because the revocation of the prior approval of Plaintiff's I-130 application for adjustment of status was arbitrary and capricious.

5. Plaintiff also asks the Court to award his fees and costs expended in the filing and prosecution of these claims pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).

## I. JURISDICTION

6. This is a civil action, brought pursuant to 8 U.S.C. §1329 (jurisdiction of the district courts) and 28 U.S.C. §1331 (federal question jurisdiction) and §1361 (action to compel an officer of the U.S. to perform his duty) to redress the deprivation of rights, privileges, and immunities secured to the Plaintiff, by which statutes jurisdiction is conferred, to compel the Defendants to perform a duty that the Defendants owes to the Plaintiff. Jurisdiction is also conferred by 5 U.S.C. §704, *et. seq.* the Administrative Procedures Act ("APA"), as an agency action subject to judicial review. Under 28 U.S.C. Section 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

7. Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. §1252, does not deprive this Court of jurisdiction. INA §242(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As

the present action is not an action to review a removal order but simply an

action to compel the Defendant CIS to transfer for adjudication a long and

unreasonably delayed Notice to Appeal a revoked I-130 petition, this Court

retains original mandamus jurisdiction under 28 U.S.C. §1361.  Furthermore,

INA §242(a)(2)(B) provides that no court shall have jurisdiction to review

either (i) "any judgment regarding the granting of "various forms of relief from

removal, or (ii) "any other decision or action of the Attorney General or the

Secretary of Homeland Security the authority for which is specified . . . to be

in the discretion of the Attorney General or the Secretary of Homeland

Security[.]"  Because adjudication of a properly filed Notice to Appeal is

neither a judgment regarding the granting of relief from removal nor a decision

or action that is specified to be in the discretion of the Attorney General or the

Secretary of Homeland Security, the Court retains original mandamus

jurisdiction over this claim.

8.      The APA requires CIS to carry out its duties within a reasonable time. 5 U.S.C.

§555(b) provides that "[w]ith due regard for the convenience and necessity of

the parties or their representatives and *within a reasonable time*, each agency

shall proceed to conclude a matter presented to it." (Emphasis added). CIS is

subject to 5 U.S.C. §555(b). As set forth below, the delay in processing the

Plaintiff's Notice of Appeal is unreasonable.

## II.    VENUE

9.      Venue is proper in this case pursuant to 28 U.S.C. §1391(e), in that this is an

action against officers of the United States in their official capacities, brought

4

in the District where a defendant resides, U.S. DHS conducts business and

where a substantial part of the events or omissions giving rise to the Plaintiff's

claim occurred. Because the Defendant's are being sued in their official

capacities and because national policy concerning approval of visa petitions

filed on behalf of nonimmigrants is formulated by the DHS and implemented

by CIS in Washington, D.C., and both are federal agencies, venue is proper.

### III.    PARTIES

10.    Plaintiff, MR. OLANREWAJU DENNIS OJO, is the beneficiary of an I-130

Petition filed on his behalf by his U.S. citizen spouse, Mrs. Kim Ojo. Mr. Ojo

is an applicant for adjustment of status to lawful permanent residence, who is

eligible for adjustment based upon his bona fide marriage to a U.S. citizen.

11.    Defendant MICHAEL CHERTOFF is the Acting Secretary of the U.S. DHS

and is appointed by the President and delegated by the U.S. Attorney General,

the responsibility of ensuring the lawful administration and implementation of

the Immigration and Nationality Act ("INA").

12.    Defendant EMILIO GONZALEZ is the Director of the U.S. Citizenship and

Immigration Service and is charged by law with the statutory obligation to

ensure that the CIS lawfully implements the INA.

13.    Defendant GREGORY L. COLLETT, is the Baltimore, Maryland District

Director of CIS, and is charged by law with the obligation to transfer

Plaintiff's I-130 Appeal to the BIA.

### V.    FACTUAL BACKGROUND

14.    On July 18, 1993, Mr. Ojo, a native and citizen of Nigeria, entered the U.S.

15.    On March 13, 1995, Mr. Ojo married his first wife, Ms. Michelle Owens (Ms.

Owens). On April 4, 1995, Ms. Owens filed an I-130 on Mr. Ojo's behalf.

Shortly thereafter, Mr. Ojo learned that his wife had a 12-year-old son from

another man. His wife's failure to disclose this information prior to their

marriage ruined the couple's relationship. Nonetheless, they tried to save the

marriage, and on April 18, 1996, the couple appeared at their I-485 interview.

On April 30, 1996, the CIS (then INS) conducted an investigation at the

couple's home. Subsequently, CIS alleged the marriage was fraudulent and on

August 15, 1996, it denied Ms. Owens' I-130.

16.    The CIS claimed in support of the denial that at the time of the April 30, 1996

investigation, Mr. Ojo was in Baltimore, and (1) he did not have a job, (2) the

utility bills were in Ms. Owens' name and paid by her, (3) officers found a

photograph, which depicted only Ms. Owens and her friends on a recent trip,

and (4) the officers found only women's clothing in the apartment. In spite of

plausible explanations, CIS erroneously concluded the couple entered the

marriage in bad faith. **However, the investigation merely established that, *at**

***the time of the investigation,* the couple might have not lived together. It is**

**illogical to conclude from the above listed facts that the couple *entered* the**

**marriage in bad faith**. Separation does not mean that the parties married in

bad faith. In this case, Ms. Owens' and Mr. Ojo's marriage deteriorated shortly

after the wedding when Mr. Ojo discovered that Ms. Owens has a 12-year-old

son from another man. On February 28, 1997, Ms. Owens and Mr. Ojo got

formally divorced.

17.   Mr. Ojo married Ms. Owens because he loved her and was devastated when he learned that his she was untruthful and did not tell him about her son before the marriage. He could not trust his wife anymore and was deeply depressed. Although he tried hard to forgive Ms. Owens and save their marriage, he was unable to do so. After he moved to the East Coast, he met Mrs. Ojo, his current wife of 9 years.  On March 8, 1997, Mr. Ojo married his present wife.

18.   First I-130. On April 4, 1997, Mrs. Ojo filed her first I-130 on Mr. Ojo's behalf. On December 23, 1997, the CIS issued an Intent to Deny based on INA 204(c). **It is important to note that the CIS did not interview Mrs. and Mr. Ojo. The intent to deny was based on the review of CIS' previous erroneous findings relating to Mr. Ojo's first marriage. The CIS should have honored the couple's right to due process provided by the Fifth Amendment of the US Constitution and allowed them to present their case in person and questioned them on any ambiguities.** On March 24, 1998, Mrs. and Mr. Ojo's attorney at the time filed a rebuttal sensibly arguing that Mr. Ojo's prior marriage was a good faith marital relationship. On April 8, 1999, however, the CIS denied the I-130. Mrs. Ojo appealed the CIS' decision to the BIA, but on February 2, 2001, the BIA sustained the CIS' denial of the I-130.

19.   Second I-130. On January 9, 2003, Mrs. Ojo filed her second I-130. On June 18, 2003, Mrs. and Mr. Ojo appeared at an interview before an CIS examiner. **However, the CIS examiner declined to take Mrs. and Mrs. Ojo's testimony and stated that the decision will solely be made based on the**

**record of the previous proceedings. The examiner's refusal to allow Mrs. and Mr. Ojo present their case was yet another violation of the couple's constitutional right to due process.** Although the couple submitted and affidavit by Ms. Owens, Mr. Ojo's former wife, confirming the bona fides of their marriage, CIS failed to give appropriate weight to the document. As a result, on July 16, 2003, the CIS issued another Notice of Intent to Deny. On August 12, 2003, Mrs. Ojo filed a rebuttal providing the CIS with rental application, dated September 25, 1995, signed by Ms. Owens and Mr. Ojo and a Letter of Pleading to prove the bona fides of the first marriage. Nonetheless, CIS ignored the evidence and on September 22, 2003, denied Mrs. Ojo's I-130.

20.    Third I-130. On February 9, 2004, Mrs. Ojo filed her third I-130. On October 21, 2004, Ms. Elaine Young, a seasoned CIS examiner with an impressive 20-year experience interviewed the couple. Ms. Young carefully reviewed the entire record and new documents submitted by the couple evidencing the bona fides of both the prior and current marriage. The new evidence included: affidavits from Ms. Owens and Mr. Ojo regarding their good faith marriage; rental documents evidencing that Ms. Owens and Mr. Ojo resided together; documents proving the couple maintained a joined bank account in 1995 and 1996; Mr. Ojo's cell phone bills showing that he was regularly contacting Ms. Owens; and photographs of Ms. Owens and Mr. Ojo taken at the happy couple's wedding.

21.    **On November 18, 2004, based on the personal interview and the review of the entire record including a through questioning on all salient points, Ms.**

Young, the CIS examiner, found that *the prior marriage was NOT a 204(c) sham marriage* and, as a result, granted Mrs. Ojo's third I-130.

22.  Revocation of the I-130.  On May 13, 2005, CIS issued an intent to revoke Mrs. Ojo's approved I-130, which was received on Friday, May 20, 2005. The CIS provided only 15 days until May 28, 2005 to rebut the intent to deny. On May 25, 2005, current Counsel filed an extension request to rebut the Notice of Intent to Revoke. (Exh. 4).  The CIS failed to respond to the extension request. On June 9, 2005, Counsel filed a rebuttal to the Notice of Intent to Revoke. Subsequently, however, Counsel received the CIS' revocation of the I-130, dated June 8, 2005. **On July 8, 2005, over two years ago, Counsel filed a Notice of Appeal, Form EOIR 29, and a supporting brief with the CIS, to be transferred to the BIA for adjudication. (Exhs. 1, 2).**

23.  **To date, the BIA has no record of Mr. Ojo's Notice of Appeal or supporting brief.  It is apparent that CIS has failed to transfer the Notice of Appeal and supporting brief to the BIA, thereby depriving Mr. Ojo of his statutory right to an file an appeal and have a final decision made on the merits of his case.**

## VI.    CLAIMS

### A.  COUNT I: Mandamus as Against All Defendants
### Pursuant to 28 U.S.C. §1361

24.  Plaintiff incorporates the allegations contained in ¶ 12 through 21 as if alleged herein.

charging a filing fee, the Defendant CIS has created an obligation that the agency will process and adjudicate the petition. *See Donovan v. United States*, 580 F.2d 1203, 1208 (3d Cir. 1978) (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act).

31.    The Plaintiff has no alternative means to attain adjudication of his I-130 Appeal and his right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon Inc.*, 449 U.S. 33, 35 (1980).

32.    Mandamus action is also appropriate because the Defendants have failed to act within a reasonable period of time. *See Kim v. Ashcroft*, 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004) (noting that § 555(b) of the APA requires the government to act within a reasonable period of time). Plaintiff has waited for over two years to have his Notice to Appeal transferred to the Board. Defendants have, in violation of 5 U.S.C. §706(1), unlawfully withheld and/or willfully and unreasonably delayed the adjudication of Plaintiff's Notice to Appeal the revocation of his approved I-130, thereby depriving him of the right to permanent residency and to allow the peace of mind to which Plaintiff is entitled under the Immigration and Nationality Act. Defendants owe Plaintiff a clear duty to act upon his Notice to Appeal and have unreasonably failed to perform that duty.

33.    The Defendants' delay and inaction are without justification and have forced the Plaintiff to resort to this Court for relief. Plaintiff has exhausted his

25.   The district courts shall have original jurisdiction of any action in the nature of
      mandamus "to compel an officer or employee of the United States or any
      agency thereof to perform a duty owed to the Plaintiff." 28 U.S.C. § 1361.

26.   Defendants are charged by law with the duty of forwarding the Plaintiff's I-
      130 Appeal from the decision of CIS to the BIA, pursuant to § 204 of the INA.
      See 8 CFR 1003.1(b)(5).

27.   A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to
      the relief requested; (ii) the defendant has a clear duty to perform the act in
      question; and (iii) no other adequate remedy is available. *Patel v. Reno*, 134
      F.3d 929, 933 (9th Cir. 1997) (duty to adjudicate visa application); *Yu v.
      Brown*, 36 F.Supp.2d 922, 933-34 (D.N.M. 1999) (Mandamus available where
      juvenile required to wait 2.5 years for adjudication of special immigration
      petition including one year after it was returned to him for additional
      fingerprints).  The Plaintiff clearly satisfies all three of these criteria.

28.   The Plaintiff has fully complied with all the statutory and regulatory
      requirements for seeking an Appeal to the BIA following CIS' revocation of
      his approved I-130.  He has submitted all necessary forms, supporting
      documentation and filing fees.

29.   The Defendants have willfully and unreasonably refused to transfer the
      Plaintiff's Notice of Appeal *for over two years*.

30.   The Defendants owe the Plaintiff the duty to act upon his Notice to Appeal.
      This duty is owed under the INA and the federal regulations. Furthermore, by

administrative remedies and has met all the requirements and submitted the necessary documentation requested by the Service.

34.    Further delay in the transfer and adjudication of the Plaintiff's appeal is unnecessary and unreasonable, as the Plaintiff has provided the CIS all the documentation and information supporting his appeal.

35.    Mr. Ojo has suffered harm due to the delay in transferring his appeal to the Board. Plaintiff lives in fear of separation from his U.S. wife and children due to the unreasonably long pendency of his appeal. The unjustified revocation of his status as the beneficiary of an approved I-130 petition has deprived him of the immigration benefits that he is lawfully entitled to.

### B.    COUNT II:

### Equal Access to Justice Act (28 U.S.C. 2412(d)(1)(A))

36.    Plaintiff incorporates the allegations contained in Paragraphs 12 through 21 as if alleged herein

37.    The Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(A).

38.    Except as otherwise specifically provided by statute, a court shall award to a prevailing party, other than the United States, fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the

position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. 2412 (d)(1)(A).

39.   Upon the issuance of a writ of mandamus against one or all Defendants, Mr. Ojo will be a "prevailing party" and will be entitled to recover attorney's fees and costs of this Court for this action.

## VII.   PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court:

A. Compel the Defendants and those acting under them to perform their duty to transfer Plaintiff's appeal of CIS's decision to revoke his Approved I-130 Petition to the BIA.

B. Declare that the Defendants' continued delay and inaction violates federal regulations and the APA.

C. Award reasonable attorney's fees and costs of Court under the Equal Access to Justice Act; and

D. Award such other and further relief that this Court deems proper under the circumstances.

Respectfully submitted on this ____ day of May, 2007,

Robert Oswald
*Counsel for Plaintiff*
DC Bar No. 364446
Beach-Oswald Immigration Assoc., P.C.
888 17th St. NW, Suite 310
Washington DC 20006
Tel:(202) 331-2883

13

## LIST OF ATTACHMENTS

*Description*

1.    Mr. Ojo's Notice of Appeal, dated June 20, 2005………..…………….16-26

2.    Mr. Ojo's Brief on Appeal filed with the Board of Immigration
      Appeals……………………………………………………………….…..27-45

3.    USCIS' Notice of Intent to Revoke Mr. Ojo's I-130………………….…...46-54

4.    Extension Request to Reply to the Intent to Revoke…………………....55-57

5.    Notice of Revocation of Mr. Ojo's I-130…………………………….…....58-59

6.    Reply to USCIS' Notice of I-130 Revocation……………………………....60-61

7.    Status Inquiries sent to the Board of Immigration Appeals and USCIS and
      reply from the Board indicating that the Appeal was not received……....62-66.

EXH.

1

Att from — Robert P.MDSd
or
Danielle L.C. Oswald .

## CERTIFICATE OF SERVICE

CASE NAME:      **Petitioner:   Mrs. Kim OJO (USC wife)**
                **Beneficiary:  Mr. Olanrewaju OJO**

CASE NUMBER:    **A74-203-808**

I, HEREBY, CERTIFY that on June 20, 2005, I caused to be served a copy of:

## NOTICE OF APPEAL FROM A DECISION OF AN INS OFFICER (EOIR-29)

   ✕  by placing a true copy thereof in a sealed envelope, with postage thereon fully
prepaid and causing the same to be mailed by first class mail to the person at
the address set forth below.

_____ by causing to be personally delivered a true copy thereof to the person at the
address set forth below.

_____ by FEDERAL EXPRESS: Airborne Express or UPS Next Day Air to the
person at the address set forth below.

_____ by telefaxing with acknowledgment of receipt to the person at the address set
forth below.

Office of the Chief Counsel
Department of Homeland Security
US Immigration and Customs Enforcement
31 Hopkins Plaza, Suite 730
Baltimore, MD 21201

I declare under the penalty of perjury that the foregoing is true and correct. Executed on
July 7, 2005.

*Danielle Beach-Oswald*

Danielle Beach-Oswald
Noto & Oswald, PC
888 17th Street, NW Suite 900
Washington, DC 20006
(202) 331-2883

DBO/ra/11052

000016

p.2

LAW OFFICES
## NOTO & OSWALD, PC
SUITE 900
888 17TH STREET, N.W.
WASHINGTON, D.C. 20006-3307
(202) 331-2883
FAX: (202) 261-2835

DANIELLE L. C. BEACH-OSWALD
DIRECT DIAL (202) 261-2807
DBEACR@NOTO-OSWALD.COM

July 7, 2005

Via Personal Delivery

**Office of the Clerk**
US Department of Justice
Executive Office for Immigration Review
**Board of Immigration Appeals**
5201 Leesburg Pike, Suite 1300
Falls Church, VA 22041

**Re:     Notice of Appeal (EOIR-29)**
**        Petitioner:   Mrs. Kim OJO (USC wife)**
**        Beneficiary:  Mr. Olanrewaju OJO (A74-203-808)**

## REQUEST TO REMAND TO CIS AND CANCEL REVOCATION NOTICE SO THAT TIMELY FILED REBUTTAL CAN BE CONSIDERED

Dear Madam or Sir:

An extension for Mr. Ojo's Notice of Intent to Deny was timely filed within the 14 day period allotted. A rebuttal was timely filed with Baltimore CIS on June 9, 2005 within the 30 day extension period requested. On behalf of the above referenced, please find the following enclosed:

- Certificate of Service;
- EOIR-27 Notice of Entry As Attorney;
- Filing fee of $110.00;
- EOIR-29 Notice of Appeal from a Decision of the Immigration Judge;
- USCIS' May 13, 2005 notice of intent to revoke;
- Copy of Counsel's May 25, 2005 Extension Request to Reply to Intent to Revoke I-130, with FedEx proof of delivery, filed with USCIS;
- USCIS' June 8, 2005 revocation notice; and

000017

NOTO & OSWALD, PC

- Copy of Counsel's June 9, 2005 Reply to USCIS' Notice of I-130 Revocation, with FedEx proof of delivery,.

Thank you in advance for your attention to this matter.

Very truly yours,

Danielle Beach-Oswald

DBO/ra/11052



KIM N. OJO
1282 LIMIT AVE
BALTIMORE, MD 21239

362

7-7301/2500
BRANCH 65

PAY TO THE
ORDER OF __BIA/CIS__ $ 110.00

__One Hundred Ten__ 00/100 DOLLARS

Provident
BANK
BALTIMORE, MARYLAND 21201-9891

DATE 6/20/06

FOR _____

⑆2520730181⑆  0016 20237⑆'⑆ 0362

© HARLAND 7000

000019

**NOTICE OF ENTRY OF APPEARANCE AS ATTORNEY OR REPRESENTATIVE
BEFORE THE BOARD OF IMMIGRATION APPEALS
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**

| TYPE OF PROCEEDING- | | DATE |
|---|---|---|
| ☐ Deportation  ☐ Bond Redetermination  ☐ Disciplinary | | |
| ☐ Removal  ☐ Motion to Reopen/Reconsider | | ALIEN NUMBER(S) (list lead alien number and all family member alien numbers if applicable) |
| ☐ Exclusion  ☐ Rescission | | 74-203-808 |

I hereby enter my appearance as attorney or representative for, and at the request of, the following named person(s):

| NAME | (First) | (Middle) | (Last) |
|---|---|---|---|
| | Ms. Kim | | OJO (petitioner) |

ADDRESS (Number & Street)                    (Apt. No.)        (City)        (State)    (Zip Code)
1262 Limit Ave, Baltimore, MD 21239

Please check one of the following:

**[X]  1.** I am a member in good standing of the bar of the highest court(s) of the following State(s), possession(s), territory(ies), Commonwealth(s), or the District of Columbia:

*Name(s) of Court(s)*                          *State Bar No. (if applicable)*

MD/DC Courts of Appeals                        MD #9477/DC

US Supreme Court

(Please use space on reverse side to list additional jurisdictions.)

I [X] am not (or ☐ am - explain fully on reverse side) subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law and the courts listed above comprise all of the jurisdictions other than federal courts where I am licensed to practice

**☐  2.** I am an accredited representative of the following qualified non-profit religious, charitable, social service, or similar organization established in the United States, so recognized by the Executive Office for Immigration Review (provide name of organization): _____

**☐  3.** I am a law student or law graduate, reputable individual, accredited official, or other person authorized to represent individuals pursuant to 8 C.F.R. § 292. (Explain fully on reverse side.)

I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representation before the Board of Immigration Appeals. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

SIGNATURE OF ATTORNEY OR REPRESENTATIVE    EOIR ID#    TELEPHONE NUMBER (Include Area Code)    DATE
                                                       (202) 331-2883

NAME OF ATTORNEY OR REPRESENTATIVE (TYPE OR PRINT)    ADDRESS    ☐ Check here if this is a new address
Danielle L.C. Beach-Oswald                            NOTO & OSWALD, P.C.,
                                                      888 17th Street, N.W., Suite 900
                                                      Washington, D.C.  20006

**Certificate of Service**

I  Danielle Beach-Oswald        mailed or delivered a copy of the foregoing on    4/6/05    to the Immigration
        (Name)                                                        (Date)

and Naturalization Service at  31 Hopkins Plaza, Room 730, Baltimore, MD 21201
                                          (Address)

OMB#1125-0005            X _____    FORM EOIR-27
                            Signature of Attorney or Representative    August 99

**(Note: Alien may be required to sign Acknowledgement and Consent on reverse side of this form.**

000020

I HEREBY ACKNOWLEDGE THAT THE ABOVE-NAMED ATTORNEY OR REPRESENTATIVE REPRESENTS ME IN THESE PROCEEDINGS AND I CONSENT TO THE DISCLOSURE TO HIM/HER OF ANY RECORDS PERTAINING TO ME WHICH APPEAR IN ANY EOIR SYSTEM OF RECORDS.

| NAME OF PERSON CONSENTING | SIGNATURE OF PERSON CONSENTING | DATE |
|---|---|---|
| Kim OJO | | 6/20/05 |

[NOTE: *The Privacy Act of 1974 requires that if the person being represented is or claims to be a citizen of the United States or an alien lawfully admitted for permanent residence, he/she must sign this form)*

**APPEARANCES** - An appearance shall be filed on EOIR Form-27 by the attorney or representative appearing in each appeal before the Board of Immigration Appeals (see 8 C.F.R. § 3.38(g)), even though the attorney or representative may have appeared in the case before the Immigration Judge or the Immigration and Naturalization Service. When an appearance is made by a person acting in a representative capacity, his/her personal appearance or signature shall constitute a representation that, under the provisions of 8 C.F.R. Chapter 3, he/she is authorized and qualified to represent individuals. Thereafter, substitution or withdrawal may be permitted upon the approval of the Board of a request by the attorney or representative of record in accordance with Matter of Rosales, 19 I&N Dec. 655 (1988). Further proof of authority to act in a representative capacity may be required.

**REPRESENTATION** - A person entitled to representation may be represented by any of the following:

      (1) Attorneys in the United States as defined in 8 C.F.R. § 1.1(f).

      (2) Law students and law graduates not yet admitted to the bar as defined in 8 C. F.R. § 292. 1 (a)(2).

      (3) Reputable individuals as defined in 8 C.F.R. § 292. 1 (a)(3).

      (4) Accredited representatives as defined in 8 C.F.R. § 292. 1 (a)(4).

      (5) Accredited officials as defined in 8 C.F.R. § 292. 1 (a)(5).

**THIS FORM MAY NOT BE USED TO REQUEST RECORDS UNDER THE FREEDOM OF INFORMATION ACT OR THE PRIVACY ACT. THE MANNER OF REQUESTING SUCH RECORDS IS CONTAINED IN 28 C.F.R. §§ 16.1-16.11 AND APPENDICES.**

      Public reporting burden for the collection of information is estimated to average 6 minutes per response, including the time for reviewing the data needed, completing and reviewing the collection of information, and record-keeping. Send comments regarding this burden estimate or any other aspect of this information collection including suggestions for reviewing this burden to the Executive Office for Immigration Review, 5107 Leesburg Pike, Suite 2400, Falls Church, VA 22041.

(Please attach additional sheets of paper as necessary.)

* U.S. GPO: 2000-461-076/21608

000021

**NOTICE OF ENTRY OF APPEARANCE AS ATTORNEY OR REPRESENTATIVE**
**BEFORE THE BOARD OF IMMIGRATION APPEALS**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**

TYPE OF PROCEEDING-

| | | |
|---|---|---|
| ☐ Deportation | ☐ Bond Redetermination | ☐ Disciplinary |
| ☐ Removal | ☐ Motion to Reopen/Reconsider | |
| ☐ Exclusion | ☐ Rescission | |

DATE

ALIEN NUMBER(S) (list lead alien number and all family member alien numbers if applicable)

**74-203-808**

I hereby enter my appearance as attorney or representative for, and at the request of, the following named person(s):

NAME    (First)          (Middle)              (Last)

Olanrewaju Dennis        OJO

ADDRESS (Number & Street)          (Apt. No.)        (City)        (State)    (Zip Code)
1262 Limit Ave, Baltimore, MD 21239

Please check one of the following:

**☒ 1.** I am a member in good standing of the bar of the highest court(s) of the following State(s), possession(s), territory(ies), Commonwealth(s), or the District of Columbia:

*Name(s) of Court(s)*                    *State Bar No. (if applicable)*

MD/DC Courts of Appeals                MD #9477/DC

US Supreme Court

(Please use space on reverse side to list additional jurisdictions.)

I **☒** am not (or ☐ am - explain fully on reverse side) subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law and the courts listed above comprise all of the jurisdictions other than federal courts where I am licensed to practice

**☐ 2.** I am an accredited representative of the following qualified non-profit religious, charitable, social service, or similar organization established in the United States, so recognized by the Executive Office for Immigration Review (provide name of organization): _____

**☐ 3.** I am a law student or law graduate, reputable individual, accredited official, or other person authorized to represent individuals pursuant to 8 C.F.R. § 292. (Explain fully on reverse side.)

I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representation before the Board of Immigration Appeals. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

SIGNATURE OF ATTORNEY OR REPRESENTATIVE    EOIR ID#    TELEPHONE NUMBER (include Area Code)    DATE
                                                        (202) 331-2883

NAME OF ATTORNEY OR REPRESENTATIVE (TYPE OR PRINT)    ADDRESS    ☐ Check here if this is a new address
Danielle L.C. Beach-Oswald                            NOTO & OSWALD,P.C.,
                                                      888 17th Street, N.W., Suite 900
                                                      Washington, D.C.  20006

**Certificate of Service**

I Danielle Beach-Oswald ___ mailed or delivered a copy of the foregoing on  7/6/05  to the Immigration
      (Name)                                                    (Date)

and Naturalization Service at   31 Hopkins Plaza, Room 730, Baltimore, MD 21201
                                (Address)

X  *Danielle Beach*

Signature of Attorney or Representative

OMB#1125-0005

FORM EOIR-27
August 99

**(Note: Alien may be required to sign Acknowledgement and Consent on reverse side of this form.**

U.S. Department of Justice
Executive Office for Immigration Review
*Board of Immigration Appeals*

**Notice of Appeal to the Board of Immigration
Appeals from a Decision of an INS Officer**

---

### WHERE TO FILE THIS APPEAL:

**Do not file this directly with the Board of Immigration Appeals.**

This notice of appeal must be filed with the Immigration and Naturalization Service (INS) within 30 calendar days after service of
the decision of the INS Officer. Please read the complete instructions on the back of this form.

| In the Matter of (Name and "A" Number): | Fee Stamp |
|---|---|
| I-130 Petition for Alien Relative<br>Petitioner: Mrs. Kim OJO (USC spouse)<br>Beneficiary: Mr. Olanrewaju OJO (A74-203-808) | |

1. I hereby appeal to the Board of Immigration Appeals from the decision of the

   Baltimore District Director _____ dated 06/08/05 _____ , in the
         (Title of INS Officer)                            (Date of INS Decision)

   above entitled case.

2. Specify reasons for this appeal and continue on separate sheets if necessary. Please refer to
   Instruction #2 for further guidance. *Warning: If the factual or legal basis for the appeal is not
   sufficiently described, the appeal may be summarily dismissed.*
   The USCIS made abused its discretion, made factual errors, and violated Petitioner's right to due process. On 11/12/04, after a detailed I-130 interview,
   USCIS approved Mrs. Ojo's petition. On 05/13/05, USCIS issued an intent to revoke the approval. (Petitioner and Counsel received it on or about
   05/20/05 the Friday before Mr. Ojo's 05/25/05 I-485 hearing before the Immigration Judge.) On the day of the hearing before the IJ, Counsel filed, via
   FedEx, an extension request to reply to the intent to revoke. USCIS ignored the request and, on 06/08/05, issued a notice of revocation of the previus
   decision, stating that Petitioner failed to reply to the intent to revoke. This is a serious due process violation adversly prejudicing Mrs. and Mr. Ojo. At the
   least, USCIS should have given an opportunity to reply to the intent to revoke.

3. Do you desire oral argument before the Board of Immigration Appeals?   ☒ Yes   ☐ No

4. Do you intend to file a separate written brief or statement after filing this Notice of Appeal?
   ☒ Yes  ☐ No

_____                                       
Date                                     **Signature of Appellant**
                                              *(or attorney or representative)*

                            Danielle L.C. Beach-Oswald
                            *(Print or type name)*

                            NOTO & OSWALD,P.C.,

                            888 17th Street, N.W., Suite 900  , Washington,,
                            D.C.  20006

                            *Address (number, street, city, state, ZIP Code)*

OMB No. 1125-0010; Expires 12/31/02

                                             Form EOIR-29
                                             Sept. 2002

I HEREBY ACKNOWLEDGE THAT THE ABOVE-NAMED ATTORNEY OR REPRESENTATIVE REPRESENTS ME IN THESE PROCEEDINGS AND I CONSENT TO THE DISCLOSURE TO HIM/HER OF ANY RECORDS PERTAINING TO ME WHICH APPEAR IN ANY EOIR SYSTEM OF RECORDS.

| NAME OF PERSON CONSENTING | SIGNATURE OF PERSON CONSENTING | DATE |
|---|---|---|
| Olanrewaju Dennis OJO | | 6/30/05 |

[NOTE: *The Privacy Act of 1974 requires that if the person being represented is or claims to be a citizen of the United States or an alien lawfully admitted for permanent residence, he/she must sign this form)*

**APPEARANCES** - An appearance shall be filed on EOIR Form-27 by the attorney or representative appearing in each appeal before the Board of Immigration Appeals (see 8 C.F.R. § 3.38(g)), even though the attorney or representative may have appeared in the case before the Immigration Judge or the Immigration and Naturalization Service. When an appearance is made by a person acting in a representative capacity, his/her personal appearance or signature shall constitute a representation that, under the provisions of 8 C.F.R. Chapter 3, he/she is authorized and qualified to represent individuals. Thereafter, substitution or withdrawal may be permitted upon the approval of the Board of a request by the attorney or representative of record in accordance with Matter of Rosales, 19 I&N Dec. 655 (1988). Further proof of authority to act in a representative capacity may be required.

**REPRESENTATION** - A person entitled to representation may be represented by any of the following:

     (1) Attorneys in the United States as defined in 8 C.F.R. § 1.1(f).

     (2) Law students and law graduates not yet admitted to the bar as defined in 8 C. F. R. § 292. 1 (a)(2).

     (3) Reputable individuals as defined in 8 C.F.R. § 292. 1 (a)(3).

     (4) Accredited representatives as defined in 8 C.F.R. § 292. 1 (a)(4).

     (5) Accredited officials as defined in 8 C.F.R. § 292. 1 (a)(5).

**THIS FORM MAY NOT BE USED TO REQUEST RECORDS UNDER THE FREEDOM OF INFORMATION ACT OR THE PRIVACY ACT. THE MANNER OF REQUESTING SUCH RECORDS IS CONTAINED IN 28 C.F.R. §§ 16.1-16.11 AND APPENDICES.**

     Public reporting burden for the collection of information is estimated to average 6 minutes per response, including the time for reviewing the data needed, completing and reviewing the collection of information, and record-keeping. Send comments regarding this burden estimate or any other aspect of this information collection including suggestions for reviewing this burden to the Executive Office for Immigration Review, 5107 Leesburg Pike, Suite 2400, Falls Church, VA 22041.

(Please attach additional sheets of paper as necessary.)

* U.S. GPO: 2000-461-076/21608

U.S. Department of Justice
Immigration and Naturalization Service

**Notice of Entry of Appearance
as Attorney or Representative**

Appearances - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. **Availability of Records** - During the time a case is pending, and except as otherwise provided in 8 CFR 103.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103.10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10.

| In re: | Date: 06/19/05 |
|---|---|
| | File No. 74-203-808 |

I hereby enter my appearance as attorney for (or representative of), and at the request of the following named person(s):

| Name: Ms. Kim OJO (petitioner) | [X] Petitioner    [ ] Applicant |
| | [ ] Beneficiary |

| Address: (Apt. No.)    (Number & Street) | (City) | (State) | (Zip Code) |
|---|---|---|---|
| 1262 Limit Ave | Baltimore | MD | 21239 |

| Name: | [ ] Petitioner    [ ] Applicant |
| | [ ] Beneficiary |

| Address: (Apt. No.)    (Number & Street) | (City) | (State) | (Zip Code) |

*Check Applicable Item (s) below:*

[X] 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia
    MD/DC Courts of Appeals        United States Supreme Court        and am not under a court or administrative agency
                                    Name of Court
    order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

[ ] 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

[ ] 3. I am associated with
    the attorney of record previously filed a notice of appearance in this case and my appearance is at his request. *(If you check this item, also check item 1 or 2 whichever is appropriate.)*

[ ] 4. Others (Explain Fully.)

| SIGNATURE | COMPLETE ADDRESS |
|---|---|
| *(signature)* | NOTO & OSWALD, P.C., |
| | 888 17th Street, N.W., Suite 900 |
| | Washington, D.C. 20006 |
| NAME (Type or Print) | TELEPHONE NUMBER |
| Danielle L.C. Beach-Oswald | (202) 331-2883 |

*PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:*

    Danielle L.C. Beach-Oswald
    (Name of Attorney or Representative)

*THE ABOVE CONSENT TO DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:*

| Name of Person Consenting | Signature of Person Consenting | Date |
|---|---|---|
| Ms. Kim OJO (petitioner) | *(signature)* | 6/20/05 |

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is contained in 8CFR 103.10 and 103.20 Et.SEQ.

Form G-28 (09/26/00)Y

000025

U.S. Department of Justice
Immigration and Naturalization Service

**Notice of Entry of Appearance
as Attorney or Representative**

---

Appearances - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. Availability of Records - During the time a case is pending, and except as otherwise provided in 8 CFR 103.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103.10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10.

| In re: | Date:  06/19/05 |
|---|---|
| | File No.  74-203-808 |

I hereby enter my appearance as attorney for (or representative of), and at the request of the following named person(s):

| Name:  Olanrewaju OJO (beneficiary) | [X] Petitioner    [ ] Applicant |
|---|---|
| | [ ] Beneficiary |

| Address: (Apt. No.)    (Number & Street) | (City) | (State) | (Zip Code) |
|---|---|---|---|
| 1262 Limit Ave | Baltimore | MD | 21239 |

| Name: | [ ] Petitioner    [ ] Applicant |
|---|---|
| | [ ] Beneficiary |

| Address: (Apt. No.)    (Number & Street) | (City) | (State) | (Zip Code) |
|---|---|---|---|
| | | | |

*Check Applicable Item (s) below:*

[X]  1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia

MD/DC Courts of Appeals            United States Supreme Court            and am not under a court or administrative agency
*Name of Court*

order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

[ ]  2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

[ ]  3. I am associated with

the attorney of record previously filed a notice of appearance in this case and my appearance is at his request. *(If you check this item, also check item 1 or 2 whichever is appropriate.)*

[ ]  4. Others (Explain Fully.)

| SIGNATURE | COMPLETE ADDRESS |
|---|---|
| *(signature)* | NOTO & OSWALD, P.C. |
| | 888 17th Street, N.W., Suite 900 |
| | Washington, D.C.  20006 |
| NAME (Type or Print) | TELEPHONE NUMBER |
| Danielle L.C. Beach-Oswald | (202) 331-2883 |

*PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:*

Danielle L.C. Beach-Oswald

*(Name of Attorney or Representative)*

*THE ABOVE CONSENT TO DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:*

| Name of Person Consenting | Signature of Person Consenting | Date |
|---|---|---|
| Olanrewaju OJO (petitioner) | *(signature)* | 6/20/03 |

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is contained in 8CFR 103.10 and 103.20 Et.SEQ.

Form G-28 (09/26/00)Y

000026

2

Danielle Beach-Oswald, Esq.
Noto & Oswald, PC
888 17th Street, NW, Suite 900
Washington, DC 20006
202-331-2883

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS
FALLS CHURCH, VIRGINIA

|  |  |  |
|---|---|---|
| In the Matter of | ) | IN REMOVAL PROCEEDINGS |
|  | ) |  |
| Mrs. Kim OJO (USC spouse) | ) |  |
|  | ) |  |
| Appellant/Petitioner, | ) |  |
|  | ) |  |
| Mr. Olanrewaju OJO | ) | A74-203-808 |
|  | ) |  |
| Respondent/Beneficiary | ) |  |

BRIEF ON APPEAL

THIS APPEAL IS NOT APPROPRIATE FOR AFFIRMANCE WITHOUT
OPINION UNDER 8 C.F.R. § 1003.1(a)(7)

Cc.
Hon. Lisa Dornell, Immigration Judge
Board of Immigration Appeals

i

A74-203-808

000027

CONTENTS

Statute Involved ……………………………………...…………………………………..1

Jurisdiction ……………………………………………...…………………………………..1

Statement of the Case …………………………………………………...…………………..1

Relief Sought……………………………………………………………………...…………2

Statement of Facts ………………………………………………………………………….2

Legal Issues …………………………………………………………………………………7

Standard of Review……………………………………………………….…………………7

Summary of Arguments …………………………………………...…………………………8

Arguments ……………………………………………………………………...……………9

    I.   THE USCIS ERRED IN CLASSIFYING MRS. OJO'S CASE AS A 204(C) SHAM MARRIAGE MATTER WHEN IT REVOKED MRS. OJO'S APPROVED I-130 PETITION BASED ON MR. OJO'S ALLEGEDLY FRAUDULENT PRIOR MARRIAGE……………………………………………………………………………...9

    II.  USCIS DOES NOT ALLEGE ADVERSE DISCRETIONARY FACTORS TO JUSTIFY THE DENIAL OF THE I-130 FILED BY MRS. OJO, THE SECOND WIFE, YET THERE ARE PLENTY POSITIVE DISCRETIONARY FACTORS JUSTIFYING APPROVAL…………………………………………………..…12

    III. THE USCIS REVOCATION OF MRS. OJO'S PREVIOUSLY APPROVED I-130 VIOLATES THE DOCTRINE OF RES JUDICATA……………………..…………13

Conclusion …………………………………………………………………………………14

Certificate of Service……………………………………………………………............15

Exhibits

        Exhibit 1:     Affidavit by present counsel………………………………………17
        Exhibit 2:     Copy of present counsel's June 20, 2005 Timely Filed Response to Intent to Revoke……………………………………………..………………19
        Exhibit 3:     Additional evidence proving the bona fides of both marriages of Mr. Ojo, submitted to USCIS on or about October 21, 2004, based on which USCIS approved the Mrs. Ojo's I-130…………………..............69

i

A74-203-808

000028

## STATUTE INVOLVED

8 CFR 204.2(a) provides that a "United States citizen or alien admitted for lawful permanent residence may file a petition on behalf of a spouse." Further, 8 CFR 204.2(a)(i)(A)(1) requires that "[t]he petitioner establishe[s] by clear and convincing evidence that the marriage through which the petitioner gained permanent residence was not entered into for the purposes of evading the immigration laws."

8 CFR 204.2(a)(i)(C) indicates that

[t]he petitioner must establish by clear and convincing evidence that the prior marriage was not entered into for the purpose of evading the immigration laws. Failure to meet the "clear and convincing evidence" standard will result in the denial of the petition. Such a denial shall be without prejudice to the filing of a new petition once the petitioner has acquired five years of lawful permanent residence.

8 CFR 204.2(a)(ii) provides that.

[s]ection 204(c) of the Act prohibits the approval of a visa petition filed on behalf of an alien who has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws. The director will deny a petition for immigrant visa classification filed on behalf of any alien for whom there is substantial and probative evidence of such an attempt or conspiracy, regardless of whether that alien received a benefit through the attempt or conspiracy. Although it is not necessary that the alien have been convicted of, or even prosecuted for, the attempt or conspiracy, the evidence of the attempt or conspiracy must be contained in the alien's file.

## JURISDICTION

Under 8 CFR 1003.1(b)(5), the Board of Immigration Appeals (BIA or Board) has jurisdiction over this appeal from the decision of the United States Citizenship and Immigration Services (USCIS) denying the I-130 Petition for Alien Relative (I-130).

## STATEMENT OF CASE

1                                                                                    A74-203-808

This is an I-130 alien relative petition revocation case. Mrs. Kim Ojo (Mrs. Ojo), a US citizen, the second wife of Mr. Olanrewaju Ojo's (Mr. Ojo), has filed on behalf of her husband three I-130s. The USCIS denied the I-130s two times claiming that Mr. Ojo's first marriage was a section 204(c) sham marriage. **However, upon review of the entire record and after a detailed in-person interview with Mrs. and Mr. Ojo supplemented with numerous documents proving the bona fides of both the first and the second marriage, the USCIS, based on the examination of a very experienced officer, Ms. Elaine Young, found that Mr. Ojo's first marriage was NOT fraudulent and granted Mrs. Ojo's third I-130**. This was the first time Mr. Ojo had been interviewed based on his I-130 with the second wife; the other times he was just denied based on 204 c without being questioned. Subsequently, <u>seven months after the approval and five days before Mr. Ojo's hearing before the Immigration Judge (IJ) in Baltimore</u>, the USCIS issued an intent to revoke the I-130. Counsel filed an extension request to rebut the intent to deny and later filed a rebuttal. The USCIS has not responded to the extension request, instead, it issued a revocation notice. This is an appeal from the USCIS' revocation of Mrs. Ojo's third I-130.

RELIEF SOUGHT

Mr. and Mrs. Ojo request that the BIA review the record *de novo* and in light of new evidence submitted to and disregarded by the USCIS and the legal arguments made in this brief, approve Mrs. Ojo's I-130 petition.

STATEMENT OF FACTS

Mr. Ojo's Marriage with Ms. Owens and Her I-130

On July 18, 1993, Mr. Ojo, a native and citizen of Nigeria, entered the US. On March 13, 1995, he married his first wife Ms. Michelle Owens (Ms. Owens). On April 4, 1995, Ms. Owens filed an I-130 on Mr. Ojo's behalf. Upon the approval of the I-130, Mr. Ojo filed an I-485 adjustment application (I-485). Shortly after they got married, Mr. Ojo learned that his wife had a 12-year-old son from another person. His wife's failure to disclose this information prior to their marriage ruined the couple's relationship. Mr. Ojo was not able to trust her anymore. Nonetheless, they still tried to save the marriage, and on April 18, 1996, the couple appeared at their I-485 interview. On April 30, 1996, the USCIS (then INS) conducted an investigation at the couple's residence. Subsequently, the USCIS alleged that the marriage was fraudulent and on August 15, 1996, it denied Ms. Owens' I-130. The USCIS claimed in support of the denial that at the time of the April 30, 1996 investigation, Mr. Ojo was in Baltimore, (1) he did not have a job, (2) the utility bills were on Ms. Owens' name and she paid them, (3) the officers found a photograph, which depicted only Ms. Owens and her friends on a recent trip to San Antonio, and (4) the officers found only women's clothing in the apartment. In spite of plausible explanations, the USCIS erroneously concluded that the couple entered the marriage in bad faith. **However, the investigation at most merely established that, <u>at the time of the investigation</u>, the couple might have not lived together. It is illogical to conclude from the above listed facts that the couple <u>entered</u> the marriage in bad faith**. A marriage can break down a day after the wedding. However, it does not mean that the parties married in bad faith. In this case, Ms. Owens' and Mr. Ojo's marriage deteriorated shortly after

A74-203-808

000031

the wedding when Mr. Ojo discovered that Ms. Owens has a 12-year-old son from another man.

On February 28, 1997, Ms. Owens and Mr. Ojo got formally divorced.

Mr. Ojo's Current Marriage and Mrs. Ojo's Three I-130s

On March 8, 1997, Mr. Ojo married his present wife.

First I-130. On April 4, 1997, Mrs. Ojo filed her first I-130 on Mr. Ojo's behalf. On December 23, 1997, the USCIS issued an intent to deny based on INA 204(c). **It is important to note that the USCIS did not interview Mrs. and Mr. Ojo. The intent to deny was based on the review of USCIS' previous erroneous findings relating to Mr. Ojo's first marriage. The USCIS should have honored the couple's right to due process provided by the Fifth Amendment of the US Constitution and allowed them to present their case in person and questioned them on any ambiguities.** On March 24, 1998, Mrs. and Mr. Ojo's attorney at the time filed a rebuttal sensibly arguing that Mr. Ojo's prior marriage was a good faith marital relationship. On April 8, 1999, however, the USCIS denied the I-130. Mrs. Ojo appealed the USCIS' decision to the BIA, but on February 2, 2001, the BIA sustained the USCIS' denial of the I-130.

Second I-130. On January 9, 2003, Mrs. Ojo filed her second I-130. On June 18, 2003, Mrs. and Mr. Ojo appeared at an interview before an USCIS examiner. **However, the USCIS examiner declined to take Mrs. and Mrs. Ojo's testimony and stated that the decision will solely be made based on the record of the previous proceedings. The examiner's refusal to allow Mrs. and Mr. Ojo present their case was yet another violation of the couple's constitutional right to due**

4

**process.** Although the couple submitted and affidavit by Ms. Owens, Mr. Ojo's former wife, confirming the bona fides of their marriage, the USCIS has failed to give appropriate weight to the document. As a result, on July 16, 2003, the USCIS issued another intent to deny. On August 12, 2003, Mrs. Ojo filed a rebuttal providing the USCIS with rental application, dated September 25, 1995, signed by Ms. Owens and Mr. Ojo and a Letter of Pleading to prove the bona fides of the first marriage. **Nonetheless, the USCIS ignored the evidence and on September 22, 2003, denied Mrs. Ojo's second I-130.**

Third I-130. On February 9, 2004, Mrs. Ojo filed her third I-130. On October 21, 2004, Ms. ElaineYoung, a seasoned USCIS examiner with an impressive 20-year experience interviewed the couple. Ms. Young carefully reviewed the entire record and new documents submitted by the couple evidencing the bona fides of both the prior and current marriage. The new evidence included -

- affidavits from Ms. Owens and Mr. Ojo regarding their good faith marriage,
- rental documents evidencing that Ms. Owens and Mr. Ojo resided together in Houston, Texas,
- documents proving that the couple maintained a joined bank account between 1995 and 1996,
- photographs of Ms. Owens and Mr. Ojo taken at the happy couple's wedding,
- affidavits of relatives and friends evidencing the bona fides of Ms. Owens' and Mr. Ojo's marriage,
- the couple's divorce decree,
- utility bills proving common residence of Ms. Owens and Mr. Ojo,

A74-203-808
000033

- the April 30, 1996 USCIS investigation report, and

- Mr. Ojo's cell phone bills showing that he was regularly contacting Ms. Owens.

**On November 18, 2004, based on the personal interview and the review of the entire record including a through questioning on all salient points, Ms. Young, the USCIS examiner found that <u>the prior marriage was NOT a 204(c) sham marriage</u> and, as a result, did grant Mrs. Ojo's third I-130.**

Revocation of the I-130

On May 13, 2005, the USCIS issued an intent to revoke Mrs. Ojo's approved I-130, which was received on Friday, May 20, 2005. The USCIS provided only 15 days until May 28, 2005 to rebut the intent to deny. On May 25, 2005, current Counsel filed an extension request to rebut the intent to revoke. The USCIS failed to respond to the extension request. On June 9, 2005, Counsel filed a rebuttal to the intent to deny. Subsequently, however, Counsel received the USCIS' revocation of the I-130, dated June 8, 2005. On July 8, 2005, Counsel filed a Notice of Appeal with the BIA.

Miscellaneous Factors to Consider

Mr. Ojo is in removal proceedings. Thus, the IJ has jurisdiction to adjudicate his I-485 based on the November 18, 2004 approval of Mrs. Ojo's I-130, filed with the IJ. His individual hearing on the adjustment was scheduled for May 25, 2005. It is utterly unfair that the USCIS waited more than seven months to issue its intent to revoke the I-130, which was received on a Friday merely 5 days prior to the hearing for adjustment based on the approval of the very same I-130. Further, it is a violation

000034

of due process that the USCIS provided only 15 days to rebut the intent to denied and ignored Counsel's extension request.

Mr. Ojo has been in the US for over 12 years. He is a deeply religious person with strong morals. He married Ms. Owens because he loved her and not because he wanted a "green card." He was devastated when he learned that his first wife was untruthful and did not tell him about her son before the marriage. He could not trust his wife anymore. He was deeply depressed, and although tried hard to forgive Ms. Owens and save their marriage, he was unable to do so. After he moved to the East Coast, he met Mrs. Ojo his current wife of 9 years. The couple lives an exemplary life. They work hard and duly pay taxes. They are devoted members of their church. They are raising their three young daughters, one of whom has serious medical problems.

LEGAL ISSUES

Whether the USCIS erred in classifying Mrs. Ojo's case as a 204(c) sham marriage matter when it revoked Mrs. Ojo's approved I-130 petition based on Mr. Ojo's allegedly fraudulent prior marriage.

Whether there are adverse discretionary factors to justify the USCIS' revocation of Mrs. Ojo' approved I-130.

Whether the USCIS revocation of Mrs. Ojo's previously approved I-130 violates the doctrine of *res judicata*.

STANDARD OF REVIEW

8 CFR 1003.1(d)(3)(iii) provides that "[t]he Board may review all questions arising in appeals from decisions issued by Service officers *de novo*." 8 CFR 1003.1(d)(3)(iii).

7                                                     A74-203-808

## SUMMARY OF THE ARGUMENTS

The BIA should reverse the USCIS' revocation of Mrs. Ojo's previously approved I-130. The USCIS incorrectly based the revocation on erroneous 204(c) findings. These findings resulted from speculative and abusive interpretation by immigration examiners of facts regarding the validity of Mr. Ojo's prior marriage.

First, the USCIS erred in classifying Mrs. Ojo's case as a 204(c) sham marriage matter when it revoked Mrs. Ojo's approved I-130 petition based on Mr. Ojo's allegedly fraudulent prior marriage. Mrs. Ojo has filed three I-130s on behalf of Mr. Ojo. The USCIS denied the first two I-130 based on 204(c). However, when Mrs. Ojo has filed her third I-130, the USCIS, based on a careful review of the entire record, including Mr. Ojo's first marriage and new evidence submitted by Mrs. Ojo proving the bona fides of both the prior and present marriages, **determined that the first marriage was NOT a 204(c) sham marriage**. Thus, Mrs. Ojo met her burden proving that the third I-130 is not statutorily barred from approval. Further, Mrs. Ojo not only overcame the 204(c) obstacle but also proved the bona fides of her marriage with Mr. Ojo. Therefore, the USCIS rightfully approved the third I-130, and the revocation was not justified.

Second, the USCIS does not allege adverse discretionary factors, which would justify the denial of Mrs. Ojo's I-130. However, there are numerous positive discretionary factors to justify the approval thereof.

Third, USCIS revocation of Mrs. Ojo's previously approved I-130 violates the doctrine of *res judicata*.

Therefore, the BIA should sustain the appeal and approve Mrs. Ojo's I-130.

ARGUMENTS

I. THE USCIS ERRED IN CLASSIFYING MRS. OJO'S CASE AS A 204(C) SHAM MARRIAGE MATTER WHEN IT REVOKED MRS. OJO'S APPROVED I-130 PETITION BASED ON MR. OJO'S ALLEGEDLY FRAUDULENT PRIOR MARRIAGE

The BIA should reverse the USCIS' revocation of Mrs. Ojo's previously approved I-130. The USCIS incorrectly based the revocation on erroneous 204(c) findings. These findings resulted from speculative and abusive interpretation by immigration examiners of facts regarding the validity of Mr. Ojo's prior marriage.

8 CFR 204.2(a)(ii) provides that.

[s]ection 204(c) of the Act prohibits the approval of a visa petition filed on behalf of an alien who has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws. The director will deny a petition for immigrant visa classification filed on behalf of any alien for whom there is substantial and probative evidence of such an attempt or conspiracy, regardless of whether that alien received a benefit through the attempt or conspiracy. Although it is not necessary that the alien have been convicted of, or even prosecuted for, the attempt or conspiracy, the evidence of the attempt or conspiracy must be contained in the alien's file.

In this case, the USCIS, adjudicating Mrs. Ojo's third I-130, found that Mr. Ojo's first marriage was not a 204(c) sham marriage. The USCIS concluded that although at the time of Mr. Ojo's April 18, 1996 I-485 interview the marriage seemed no longer viable, it did not mean that the Ms. Owens, the first wife, and Mr. Ojo married in bad faith. In addition, there is substantial evidence on record showing that Mr. Ojo and Ms. Owens made efforts to save their marriage. For the foregoing, Mrs. Ojo's third I-130 was not statutorily barred from approval. Consequently, the USCIS did not err when it approved the I-130. However, the revocation of the I-130 approval was not justified.

9

A74-203-808
000037

Further, according to Matter of McKee, an adjustment of status may be granted even though the underlying marriage is no longer viable if it was a bona fide marriage **when entered into**, and the parties are not divorced or legally separated at the time the adjustment of status application is adjudicated. Matter of McKee, 17 I. & N. Dec. 332 (BIA 1980). However, if there are substantial adverse factors outweighing the goal of family preservation, the adjustment application may be denied. Matter of Blas, 15 I. & N. Dec. 626 (BIA 1974).

In this case, the USCIS should have approved the very first I-130 filed by Ms. Owens. Although the facts resulting from the USCIS' investigation tended to show Ms. Owens' and Mr. Ojo's marriage was no longer viable, the evidence was not conclusive as to the couple's intention at the time of the marriage. If the marriage was entered into in good faith, under Matter of McKee the USCIS should have approved Mr. Ojo's I-485 even if the marriage seemed not viable. Further, the USCIS did not prove "substantial adverse factors outweighing the goal of family preservation" under Matter of Blas. On the contrary, there is substantial evidence on the record showing that Ms. Owens and Mr. Ojo wanted to save their relationship.

Mrs. Ojo filed three I-130s on behalf of her husband Mr. Ojo. The USCIS denied the first and second I-130 claiming that Mr. Ojo's prior marriage to Ms. Owens was a 204(c) sham marriage. However, the USCIS, instead of conducting an independent review, reached this conclusion relying solely on an investigation conducted during the first marriage and written opinions of examiner reviewing the first marriage. In addition, the USCIS abused its discretion when it disregarded Mr. Ojo's plausible explanations as to why his first marriage broke down. The USCIS

10

based its determination on minor inconsistencies between affidavits by Ms. Owens and Mr. Ojo and speculations as to facts of their relationship.

The USCIS speculates that Mr. Ojo and his firs wife Ms. Owens never lived together. The USCIS based its contention on the fact that during the USCIS April 30, 1996 investigation at the couple's residence, they found no evidence of Mr. Ojo residing there. Mr. Ojo explained several times, and Ms. Owens and other witnesses confirmed, that the marriage broke down shortly after the wedding when Mr. Ojo discovered that Ms. Owens had a 12-year-old son from another person. Such information could ruin instantaneously and permanently the most harmonious romantic relationship.

Further, the USCIS claims there is only one joint bank account the couple maintained. The USCIS fails to realize that the relationship broke down shortly after the marriage, thus, as explained by Mrs. Ojo's previous attorney, the couple had no time to build a joint life together.

Even if at the time of the April 30, 1996 investigation the couple was separated, it does not negate that they married in good faith. If they married in good faith, the USCIS must not deem the marriage a 204(c) sham marriage. USCIS' findings based on the couple's April 18, 1995 interview and the subsequent investigation is not conclusive evidence as to the couple's intention at the time of the marriage. At most, the evidence merely indicates that at the time of the investigation the couple did not live together. Even if it was true that in April 1996 the couple was separated, the USCIS abused its discretion based on impermissible speculation in concluding that Mr. Ojo married Ms. Owens only to get a green card.

11

Mrs. Ojo's third I-130 was approved based on a careful review of the entire record and new evidence submitted to prove the bona fides of the prior and present marriages. Therefore, the USCIS' initial findings of 204(c) sham marriage was erroneous. The experienced examiner reviewing Mrs. Ojo's third I-130 realized the error and rightfully approved the petition. In light of the foregoing, the BIA should reverse the USCIS' revocation and should approve the I-130.

## II. USCIS DOES NOT ALLEGE ADVERSE DISCRETIONARY FACTORS TO JUSTIFY THE DENIAL OF THE I-130 FILED BY MRS. OJO, THE SECOND WIFE, YET THERE ARE PLENTY POSITIVE DISCRETIONARY FACTORS JUSTIFYING APPROVAL

An alien's I-485 may be discretionally denied even if the underlying I-130 is not statutorily barred, when the adjudicator finds fraudulent misrepresentation on the alien's part. In Eide-Kahayon v. US INS, the alien applied for I-485 based on an approved I-130 filed by her second husband. The USCIS rescinded her legal permanent resident status, which was based on an approved I-130, when a USCIS investigation revealed that she lied about the death of her first husband prior to her second marriage. Her first husband was in fact alive. Eide-Kahayon v. US INS, 86 F.3d 147 (9th Cir. 1996). In the present case, the USCIS does not allege fraudulent misrepresentation by Mr. Ojo, which would serve as a discretionary ground for denial of Mrs. Ojo's I-130. In addition, there are many positive discretionary factors in this case, which would justify approval of the I-130, including Mr. Ojo's 9-year harmonious marriage to Mrs. Ojo, their raising of three USC daughters, and their exemplary civic life. Since there is neither 204(c) statutory nor discretionary bars present and there are several positive discretionary factors in this case, the BIA should reverse the USCIS' revocation and approve Mrs. Ojo's I-130.

A74-203-808
000040

III. THE USCIS REVOCATION OF MRS. OJO'S PREVIOUSLY APPROVED I-130 VIOLATES THE DOCTRINE OF RES JUDICATA.

"'Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action.'" Semtek Int'l Inc. v. Lockheed Martin Corp., 531 US 497, 502, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001)(quoting Parklane Hosiery Co. v. Shore, 439 US 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)); see Stephenson v. Dow Chemical Co., 273 F.3d 249, 259 (2d Cir.2001). This doctrine applies with full force in the context of immigration proceedings. Hibbert v. INS, 554 F.2d 17, 20 (2d Cir.1977).

The policy underlying the doctrine of *res judicata* is to ensure the finality of various adjudications and ensure judicial economy by preventing the relitigation of the same cause of action. The USCIS' revocation of Mrs. Ojo's third I-130 is contrary to this policy. Mrs. Ojo filed her third I-130 based on new evidence proving the bona fides of Mr. Ojo's first marriage. The experienced USCIS examiner was convinced by the new evidence and approved the I-130. Subsequently, the USCIS revoked the same simply stating in essence that the approval was in error. The USCIS did not bring up new arguments or provided new evidence in support of a 204(c) finding. This is impermissible.

If the BIA affirms the revocation, it will open a floodgate of relitigation of already adjudicated cases. Nothing will prevent the USCIS to reopen and relitigate administrative immigration cases already decided. This is absolutely in contrast with the policy behind *res judicata*. Wherefore, the BIA should reverse the revocation and approve Mrs. Ojo's I-130.

A74-203-808
000041

<u>CONCLUSION</u>

The BIA should reverse the USCIS' revocation of Mrs. Ojo's approved I-130.

The USCIS, based on the entire record and new evidence in this case, determined that

Mr. Ojo's first marriage was not a 204(c) sham marriage. Thus, the approval of the I-

130 filed by Mr. Ojo's second wife was not statutorily barred. Further, there are no

negative yet there are plenty of positive discretionary factors to justify the approval of

the I-130 filed by Mrs. Ojo, the second wife. Finally, the revocation of already

approved I-130 is a violation of the doctrine of *res judicata*. For the foregoing, the

BIA should sustain the appeal and reinstate the approval of Mrs. Ojo's I-130.

Respectfully submitted,

Danielle Beach-Oswald
*Counsel to Mrs. Kim and*
*Mr. Olanrewaju Ojo*
Noto & Oswald, PC
888 17th Street, NW, Suite 900
Washington, DC 20006
202-331-2883

A74-203-808

000042

## CERTIFICATE OF SERVICE

CASE NAME:    **Mr. Olanrewaju OJO**

CASE NUMBER:    **A74-203-808**

I, HEREBY, CERTIFY that on August 11, 2005, I caused to be served a copy of:

### BRIEF ON APPEAL

_____    by placing a true copy thereof in a sealed envelope, with postage thereon fully prepaid and causing the same to be mailed by first class mail to the person at the address set forth below.

_____    by causing to be personally delivered a true copy thereof to the person at the address set forth below.

___X_____    by FEDERAL EXPRESS: Airborne Express or UPS Next Day Air to the person at the address set forth below.

_____    by telefaxing with acknowledgment of receipt to the person at the address set forth below.

Office of the Chief Counsel

Department of Homeland Security

US Immigration and Customs Enforcement

31 Hopkins Plaza, Suite 730

Baltimore, MD 21201

15                                                            A74-203-808

I declare under the penalty of perjury that the foregoing is true and correct. Executed on August 11, 2005.

Danielle Beach-Oswald
Noto & Oswald, PC
888 17th Street, NW, Suite 900
Washington, DC 20006
(202) 331-2883

16

A74-203-808

**FedEx® Express  US Airbill**

FedEx Tracking Number **8507 3602 8525**

**Sender's Copy**

**From**
Date **06/09/05**
Sender's FedEx Account Number **1161-2674-5**

Sender's Name **Danielle Beach-Oswald**   Phone **(202) 331-2893**

Company **NOTO & OSWALD PC**

Address **888 17TH ST NW STE 900**

City **WASHINGTON**   State **DC**   ZIP **20006-3307**

Your Internal Billing Reference **Ojo - 11052**   OPTIONAL
First 24 characters will appear on invoice.

**To**
Recipient's Name **Director Caterisano**   Phone ( )

Company **USDHS/ US Citizenship and Immigration Serv**

Recipient's Address **31 Hopkins Plaza**
We cannot deliver to P.O. boxes or P.O. ZIP codes.

Address **First Floor**
To request a package be held at a specific FedEx location, print FedEx address here.

City **Baltimore**   State **MD**   ZIP **21201**

**4a  Express Package Service**   *Packages up to 150 lbs.*
- [✓] FedEx Priority Overnight
- [ ] FedEx Standard Overnight
- [ ] FedEx First Overnight
- [ ] FedEx 2Day
- [ ] FedEx Express Saver

**4b  Express Freight Service**   *Packages over 150 lbs.*
- [ ] FedEx 1Day Freight
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

**5  Packaging**
- [✓] FedEx Envelope
- [ ] FedEx Pak
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

**6  Special Handling**   Include FedEx address in Section 3.
- [ ] SATURDAY Delivery
- [ ] HOLD Weekday at FedEx Location
- [ ] HOLD Saturday at FedEx Location

Does this shipment contain dangerous goods?
- [✓] No
- [ ] Yes As per attached Shipper's Declaration
- [ ] Yes Shipper's Declaration not required
- [ ] Dry Ice
- [ ] Cargo Aircraft Only

**7  Payment**   Bill to:
- [✓] Sender
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

| Total Packages | Total Weight | Total Declared Value |
|---|---|---|
| 1 | | $ .00 |

FedEx Use Only

**8  Sign to Authorize Delivery Without a Signature**

**000045**

**466**

**Try online shipping at fedex.com**
By using this Airbill you agree to the service conditions on the back of this Airbill and in our current Service Guide, including terms that limit our liability.
Questions? Visit our Web site at fedex.com

0297893422

P.30

Jun 20 07 08:41p

3





# U.S. Department of Homeland Security

## U.S. Citizenship and Immigration Services

*Fallon Federal Building*
*31 Hopkins Plaza, 1st Floor*
*Baltimore, Maryland 21201*

MAY 1 3 2005

Kim Ojo                                           A74 203 808
1262 Limit Avenue
Baltimore, MD 21239

Dear Ms. Ojo:

This letter will serve as notice of this Service's intent to revoke your Petition for Alien Relative, Form I-130, which you filed on behalf of Olanrewaju Dennis Ojo on February 9, 2004, seeking to classify him as the spouse of a citizen of the United States under Section 201(b) of the Immigration and Nationality Act.

Section 201 of the Immigration and Nationality Act provides:

(b) Aliens not subject to direct numerical limitations. Aliens described in this subsection, who are not subject to the worldwide levels or numerical limitations of subsection (a), are as follows:

(2)(A)(i) Immediate relatives. For purposes of this subsection, the term "immediate relatives" means the children, spouses, and parents of a citizen of the United States...

Section 204 of the Immigration and Nationality Act provides:

(a) Petitioning procedure.

(1)(A)(i) Any citizen of the United States claiming that an alien is entitled to classification by reason of a relationship described in paragraph (1), (3), or (4) of section 203(a) or to an immediate relative status under section 201(b)(2)(A)(i) may file a petition with the Attorney General for such classification.

1

**000046**

(c) Limitation on orphan petitions for a single petitioner; prohibition against approval in cases of marriages entered into in order to evade immigration with marriage fraud. Notwithstanding the provisions of subsection (b) no petition shall be approved if (1) the alien has previously been accorded, or has sought to be accorded, an immediate relative or preference status as the spouse of a citizen of the United States or the spouse of an alien lawfully admitted for permanent residence, by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws or (2) the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws.

Title 8, Code of Federal Regulations, part 204.1 provides:

(a) Types of petitions. Petitions may be filed for an alien's classification as an immediate relative under section 201(b) of the Act or a preference immigrant under section 203(a) of the Act based on a qualifying relationship to a citizen or lawful permanent resident of the United States...

Title 8, Code of Federal Regulations, part 204.2 provides:

(a) Petition for a spouse--

(1) Eligibility. A United States citizen or alien admitted for lawful permanent residence may file a petition on behalf of a spouse.

(ii) Fraudulent marriage prohibition. Section 204(c) of the Act prohibits the approval of a visa petition filed on behalf of an alien who has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws. The director will deny a petition for immigrant visa classification filed on behalf of any alien for whom there is substantial and probative evidence of such an attempt or conspiracy, regardless of whether that alien received a benefit through the attempt or conspiracy. Although it is not necessary that the alien have been convicted of, or even prosecuted for, the attempt or conspiracy, the evidence of the attempt or conspiracy must be contained in the alien's file.

On November 12, 2004, your petition for the beneficiary was approved. However, it has now been brought to the Service's attention that your petition was approved in error. Your petition is precluded from approval pursuant to the provisions of Section 204(c), as the records of this Service clearly reflect that the beneficiary previously entered into a sham marriage with Michelle Owens, aka Michelle Daniels, aka Michelle Owens-Ojo, in an attempt to obtain immigration benefits.

2

This is your third petition for the beneficiary. You first filed a petition on the beneficiary's behalf on April 14, 1997, which was denied on April 8, 1999 with the finding that the beneficiary's marriage to Michelle Owens was a sham marriage. On February 2, 2001, the Board of Immigration Appeals (BIA) concurred with this Service's finding. Your second petition, which you filed on January 9, 2003, was formally denied on September 22, 2003 on the same basis.

In order to fairly adjudicate the visa petition, the Service finds it necessary to review in detail again the entire record and weigh those factors with the actions of the beneficiary and his prior spouse.

On March 13, 1995, the beneficiary and Michelle Owens were married in Houston, Texas. On April 4, 1995, Michelle Owens filed Form I-130, Petition for Alien Relative, on the beneficiary's behalf. On April 19, 1996, the beneficiary and his former spouse, Michelle Owens, appeared at the Houston District Office for an interview regarding their marriage.

During the interview, the petitioner submitted utility bills, an apartment lease and a joint bank letter as proof of cohabitation. However, the Service determined that the documents they submitted were insufficient proof of the claimed relationship. The lease was only signed by Michelle Owens, and the utility bills were only listed in her name as well. The bank letter they submitted failed to show evidence that the account was joint and active. Furthermore, the interviewing Service officer noted that neither the beneficiary nor Michelle Owens appeared to interact comfortably with each other. As such, the Service officer deemed that an outside investigation was necessary to further investigate the bona fides of their claimed marriage.

On April 30, 1996 at 5:50 in the morning, two Service officers conducted an onsite investigation at the claimed joint residence of the beneficiary and Michelle Owens. At that time, the beneficiary was not present at the home. Ms. Owens explained to the officers that the beneficiary had gone to Baltimore to see his cousin. She also stated that the beneficiary was not employed, because he did not want to damage her credit. However, she failed to explain to the Service how the beneficiary's employment would negatively affect her credit.

The officers found photographs of Michelle Owens and her female friends that were taken on a recent trip to San Antonio. The beneficiary was not in any of the photographs. Michelle Owens explained to the Service officers that her female friends did not like the beneficiary and that he had no friends. It was noted that even in her own home, Ms. Owens could not provide the Service with any documents evidencing a valid marriage to the beneficiary.

3

An inspection of the house failed to reveal any indication that the beneficiary was currently living there. An inspection of the closet in the master bedroom revealed only ladies' clothing. At that time, Michelle Owens explained to the Service officers that the beneficiary had taken all of his clothing out of the house because their waterbed had broken and damaged his clothing. One of the officers expressed his doubt that only the beneficiary's clothing was damaged by the waterbed. Furthermore, Ms. Owens was unable to explain what the beneficiary did with his damaged clothing, such as giving them to Goodwill or throwing them away. At the conclusion of the investigation, Ms. Owens said that "I," then corrected the pronoun to "we," "are going to move from the apartment."

On August 15, 1996, the Service formally denied Ms. Owens's petition on a finding that she and the beneficiary entered into a fraudulent marriage for the purpose of obtaining an immigration benefit. On February 28, 1997, the beneficiary and his former spouse were legally divorced. The Original Petition for Divorce shows that the beneficiary and his former spouse were separated on August 13, 1996.

On March 8, 1997, you and the beneficiary were married. On April 4, 1997, you filed your first petition on the beneficiary's behalf. On December 23, 1997, the Service issued you a notice of intent to deny your petition based on Section 204(c). On March 24, 1998, the Service received a rebuttal from the attorney of record regarding the derogatory information.

The attorney alleged in her rebuttal that the reason why the beneficiary and his former wife experienced marital problems was because the beneficiary discovered that his former wife had a child whom he did not know about. The attorney claimed that the deception created a rift from which the marriage never recovered. The attorney also claimed that due to the brevity of the relationship and the beneficiary's unemployment, there is not a significant paper trail evidencing the marriage.

The Service attempted to verify the documents submitted in response to the notice of intent to deny. The attorney submitted one bank statement from Bank of America, although the attorney stated that the beneficiary and his prior spouse shared bank accounts [underlined for emphasis]. One basic checking account statement addressed to the beneficiary and his former spouse at a post office box does not establish that they held more than one account, or that they co-mingled assets and check writing privileges. The Service noted that the statement showed that someone had deposited then withdrew $1,001.84 in the same day, leaving a zero balance in the account. No cancelled checks drawn on the account in question were submitted.

The attorney claimed that the beneficiary received travel benefits through his former spouse's employment at Southwest Airlines. However, no evidence was submitted to support the claim.

4

The beneficiary claimed that almost all of their bank accounts were only in his former spouse's name because he never held any long-term employment. He stated that he did not work because he did not have work authorization or any documents. However, the beneficiary's explanation of why he did not work contradicts Ms. Owens's explanation that the beneficiary did not work because he did not want to damage her credit.

The beneficiary claimed that after his marriage, he found out that his prior spouse had a son in Chicago whom he never knew about. He stated that because his former wife never told him about her child prior to their marriage, they experienced marital problems. He claimed that they started arguing and then she started going away for days at a time. However, the beneficiary failed to satisfactorily explain to the Service what difference it would have made had he known about his former wife's child prior to their marriage. He did not emphatically state if he would or would not have married his former wife had he know she had a child, nor did he mention any deeply held religious, personal or cultural reasons in support of his explanation. Furthermore, it is noted that when the Service officers visited his former spouse, she never mentioned that her son was an issue in their marriage. She only mentioned that her friends did not like the beneficiary and that he had no friends. Lastly, the beneficiary claimed he moved to Baltimore in November of 1995. The Service questioned why the beneficiary would stay in Baltimore for five months if he were trying to keep his prior marriage together, as he claimed.

Your first petition was formally denied on April 8, 1999 based on the beneficiary's fraudulent marriage to Michelle Owens. You appealed the denial of your petition to the Board of Immigration Appeals (BIA). Your appeal was dismissed by the BIA on February 2, 2001, affirming the Service's decision that the beneficiary entered into a fraudulent marriage with Michelle Owens.

On January 9, 2003, you filed your second petition on the beneficiary's behalf. On June 18, 2003, you and the beneficiary appeared for your interview regarding your petition. At that time, the only document you submitted as proof of the bona fides of the beneficiary's first marriage was an affidavit from Michelle Owens.

One affidavit does not overcome the preponderance of derogatory evidence found in Service records reflecting that the beneficiary entered into a sham marriage with Michelle Owens. Furthermore, you failed to support the claims made in the affidavit with any other documentary evidence. Most importantly, Michelle Owens's affidavit blatantly contradicts the beneficiary's sworn testimony and other information already claimed to the Service.

The beneficiary submitted a sworn statement to the Service in March of 1998 in response to the Service's notice of intent to deny your first petition. His sworn statement reflected that he moved to Baltimore in November 1995. In his affidavit, he stated:

5

In November 1995 when things between us got pretty bad I took a trip to Baltimore where many of my friends are located. My wife and I continued to communicate in an attempt to keep our marriage together...We attended our scheduled marriage interview on April 19, 1996. Although things were not great, we decided to attend the interview because we did not believe that the marriage was over. However, shortly after the interview, we had the final argument and I packed all my belongings and returned to Baltimore.

However, Michelle Owens claimed that she and the beneficiary lived together until at least April 19, 1996. Her affidavit states:

The INS also states that Olan left our apartment in November 1995 to come to Baltimore and [did] not return until April 1996. That also is not true. Olan did travel to Baltimore in November 1995 for a party, but did return two weeks later and continued to live with me until sometime shortly after our INS interview on April 18, 1996.

Furthermore, the beneficiary claims in his affidavit that after he moved to Baltimore in April of 1996, he had "very little contact with [his] wife after that." Again, the affidavit from Michelle Owens you submitted directly contradicts the beneficiary's sworn statements. Michelle Owens claimed that she and the beneficiary contacted each other several times after their separation. The affidavit states:

After Olan left Houston and came to live in Baltimore in late April 1996, I called him several times. He also called me. We still believed there was a possibility of repairing the damage done in our marriage. Olan continually tried to convince me to move to Baltimore, because he believed the two of us could have a good life together there.

Lastly, it is noted that you and the beneficiary were married less than two weeks after the beneficiary's divorce on February 28, 1997. However, the affidavit from Michelle Owens claimed that the beneficiary continuously contacted her up until early 1997 in an effort to keep their marriage. The affidavit states:

At some point in time my telephone at home had become disconnected...[the beneficiary] called me 3 or 4 times at work, since he could not reach me at my home. Each time the point of the call was to see how I was doing and also to remind me that he would like me to come live with him in Baltimore and that he would be able to find good employment there... These calls continued up through early 1997, even though I had already filed for divorce in Houston in October of 1996, unbeknownst to Olan.

The Service does not find it credible that the beneficiary would continue to insist to his former wife that she move to Baltimore with him up until early 1997, when in fact you and the beneficiary were already in a relationship or married in early 1997.

In support of your third and most recent petition on behalf of the beneficiary, the only new evidence you submitted to overcome the above-discussed derogatory information were: An affidavit from the beneficiary explaining, again, the circumstances of his marriage and divorce. However, this affidavit is not supported by any other credible documentary evidence. Moreover, this affidavit fails to address any of the specific discrepancies noted above, such as the blatantly discrepant testimonies given by the beneficiary and his former spouse in their affidavits.

000051

Affidavits, when unsupported by primary, credible documentation, lack the requisite probative value to establish that your marriage to the beneficiary was not entered into for the purpose of circumventing the immigration laws of the United States. Matter of Patel, 19 I&N Dec. 774 (BIA 1988).

A letter from West Hollow Park Apartments verifying they do not have any records on "Mr. Olanrewaju Denid. or Michelle Daniels." This document does not support your petition.

A letter from The Gables at Richmond stating that they are unable to locate the file for "Michelle Danniels and Olanrewaju Ojo." This document does not support your petition either. Moreover, it must be noted that the letters contain spelling errors on the names of the beneficiary and Michelle Daniels.

Phone bills showing that beneficiary made approximately fifteen phone calls to his former wife from the period of August 3 through October 2, 2004. However, the fact that the beneficiary has recently contacted Michelle Owens bears little evidentiary weight that they resided together in a bona fide marriage. It must be noted that out of the fifteen phone calls, only two were of substantial length (17 and 10 minutes) whereas all other calls lasted just a few minutes.

All other documents you submitted were copies of evidence already contained in Service records.

Based on the above-state derogatory reasons, the records of this Service contain overwhelming evidence that the marriage between Michelle Owens and the beneficiary was fraudulent. Your petition is prohibited from approval based on the provisions of Section 204(c) of the Act. In the case before us, you, the petitioner, must establish not that your current marriage is bona fide. Rather, the burden in these proceedings is to establish that the beneficiary has never previously attempted to obtain an immigration benefit through sham. You have failed to sustain your burden in these proceedings.

An approval of a visa petition vests no rights in the beneficiary of the petition but is only a preliminary step in the visa or adjustment of status application process, and the beneficiary is not, by mere approval of the petition, entitled to an immigrant visa or adjustment of status. The realization by the district director that he made an error in judgment in initially approving a visa petition may, in and of itself, be good and sufficient cause for revoking the approval, provided in the district director's revised opinion is supported by the record. Doubt cast on any aspect of the petitioner's proof may lead to a reevaluation of the reliability and sufficiency of the remaining evidence offered in support of the visa petition. Matter of Ho, 19 I&N Dec. 582 (BIA 1988).

Where the record suggests that the spouses do not reside together in a husband and wife relationship and where there are inconsistencies between statements of the petitioner and the beneficiary, it is reasonable to conclude that the parties entered into the marriage for purposes of obtaining immigration benefits. Matter of Phillis, 15 I&N Dec. 385 (BIA 1975).

7

The Board has held that the language of Section 204(c) is unrestricted and bars approval of any subsequent visa petition. The Board has further held that the provisions of the statute are mandatory and do not permit the exercise of any discretion. Any subsequent visa petition must, therefore, be statutorily denied. Matter of Cabeliza, 11 I&N Dec. 812 (BIA 1966); Matter of La Grotta, 14 I&N Dec. 110 (BIA 1972).

Section 204(c) applies to aliens who have conspired to enter into a fraudulent marriage, or who have sought to obtain an immigration benefit based on a fraudulent marriage. Matter of Kahy, 19 I&N Dec. 803 (BIA 1988). The determination of whether the section 204(c) bar applies to the beneficiary is to be made by the district director in the course of his adjudication of a visa petition. Matter of Agdianoay, 16 I&N Dec. 545 (BIA 1978); Matter of Samsen, 15 I&N Dec. 28 (BIA 1974).

In making this adjudication, the district director may rely on any relevant evidence, including evidence having its origin in prior Service proceedings involving the beneficiary. A decision regarding section 204(c) is for the district director to make in prior collateral proceedings. He should reach his own independent conclusion based the evidence actually before him. Matter of Tawfik, 20 I&N Dec. 166 (BIA 1990); Matter of Rahmati, 16 I&N Dec. 538 (BIA 1978); see Matter of F-, 9 I&N Dec. 684 (BIA 1972).

A finding that section 204(c) does apply to an alien must be based on evidence that is substantial and probative. Matter of Tawfik, supra; Matter of Agdinaoay, supra; Matter of La Grotta, supra. Once the Service has met this initial requirement, the burden shifts back to the petitioner, as part of his burden of proof in visa petition or revocation proceedings, to rebut the Government's evidence and establish that the prior marriage was bona fide and that section 204(c) should not apply. See Matter of Kahy, supra.

Although a marriage may be given legal effect in the United States or abroad, the Service is not required to recognize it for the purpose of conferring immigration benefits where the marriage was entered into for the purpose of evading the immigration laws. Matter of M-, 8 I&N Dec. 217 (BIA 1958); Lutwak v. United States, 344 U.S. 604 (1953); Johl v. United States, 370 F.2d 174 (1966).

The central question in spousal visa petition proceedings is the intent of the parties at the time the marriage is entered into. Bark v. INS, 511, F.2d 1200 (9th Cir. 1975); Matter of McKee, 17 I&N Dec. 332 (BIA 1980).

The conduct of the parties after the marriage is relevant to their intent at the time of marriage. Lutwak v. United States, supra; Bark v. INS, supra.

A marriage entered into for the purpose of circumventing the immigration laws, referred to as a fraudulent marriage, or "sham" marriage, is not to be recognized as enabling the alien spouse to derive benefits. Matter of McKee, supra, Lutwak v. United States, supra; McLat v. Longo, 412 F. Supp. 1021 (DVI 1976); Matter of M-, supra.

8

When something is to be established by a preponderance of evidence it is sufficient that the proof only establish that it is probably true. Matter of E--M--, 20 I&N Dec. 77 (Comm. 1989).

In visa petition proceedings, the petitioner bears the burden of establishing eligibility for the benefit sought. Matter of Brantigan, 11 I&N Dec. 493 (BIA 1966).

In accordance with Matter of To, 14 I&N Dec. 679 (BIA 1974), you are hereby afforded the opportunity to rebut the above-mentioned derogatory information and to submit any additional evidence in support of the visa petition. You have fifteen (15) days from the date of this notice to submit such rebuttal or evidence. Failure to respond to this notice within the allotted time will result in the denial of your visa petition for the reasons set forth.

Sincerely,

Richard C. Caterisano
District Director

Cc: Danielle Beach-Oswald, Esq.

000054

4

LAW OFFICES

## NOTO & OSWALD, PC
SUITE 900
888 17TH STREET, N.W.
WASHINGTON, D.C. 20006-3307
(202) 331-2883
FAX: (202) 261-2835

DANIELLE L. C. BEACH-OSWALD
DIRECT DIAL (202) 261-2807
DBEACH@NOTO-OSWALD.COM

25 May 2005

Via Federal Express 8507 3602 8422

**Mr. Richard C. Caterisano**
District Director
DHS/USCIS
31 Hopkins Plaza, 1st Floor
Baltimore, MD 21201

**Re:     EXTENSION REQUEST TO REPLY TO INTENT TO REVOKE I-130**
       **Petitioner:     Mrs. Kim OJO (USC wife)**
       **Beneficiary:   Mr. Olanrewaju Dennis OJO (A74-203-808)**

Dear Director Caterisano:

I am writing to request a 30-day extension to file our reply to the Service's May 13, 2005 intent to revoke Mrs. Ojo's approved I-130 filed on behalf of her husband, received on May 20, 2005. On November 12, 2004, after a detailed interview conducted by a very experienced and proficient examiner Ms. Elaine Young, the Service approved Mrs. Ojo's I-130. The Service issued, **six months later,** an intent to deny. We received the intent to revoke on Friday, May 20, 2005, **five days prior to** Mr. Ojo's adjustment hearing based on the approved I-130 before the Hon. Judge Dornell today, May 25, 2005. Mr. Art Gottlieb, Esq. of ICE, to the wonderment of the Hon. Judge Dornell, served the Court and Counsel with copies of the intent to revoke at today's hearing.

The Service provided 15 days, until May 28, 2005, for me to reply to the intent to revoke. I am traveling tomorrow to Hartford, CT for an individual hearing, and since I received the intent to revoke only five days ago, I need additional time to file a reply. Since it took the Service six month to issue the intent to revoke, it is only reasonable that the Service gives us 30 days, until June 27, 2005, to reply.

Thank you for your attention to this matter.

Very truly yours,

Danielle Beach-Oswald

000055

Jun 02 07 08:38p
p.23

## FedEx Express — US Airbill

**FedEx Tracking Number:** 8507 3602 8422

SP62
0205    **Sender's Copy**

**From** *Please print and press hard.*

Date 05/25/05

Sender's FedEx Account Number: 1161-2674-5

Sender's Name: Danielle Beach-Oswald    Phone (202) 331-2883

Company: NOTO & OSWALD PC

Address: 888 17TH ST NW STE 900

City: WASHINGTON    State: DC    ZIP: 20006-3307

Your Internal Billing Reference: Ojo
*First 24 characters will appear on invoice.*    OPTIONAL

**To**

Recipient's Name: Director Caterisano    Phone ( )

Company: DHS/US Citizenship and Immigration Servs

Recipient's Address: 31 Hopkins Plaza
*We cannot deliver to P.O. boxes or P.O. ZIP codes.*    Dept./Floor/Suite/Room

Address: First Floor
*To request a package be held at a specific FedEx location, print FedEx address here.*

City: Baltimore    State: MD    ZIP: 21201

### 4a Express Package Service    *Packages up to 150 lbs.*

- [x] FedEx Priority Overnight *Next business morning*
- [ ] FedEx Standard Overnight *Next business afternoon*
- [ ] FedEx First Overnight *Earliest next business morning delivery to select locations*
- [ ] FedEx 2Day *Second business day*
- [x] FedEx Express Saver *Third business day*

*FedEx Envelope rate not available. Minimum charge: One-pound rate*

### 4b Express Freight Service    *Packages over 150 lbs.*

- [ ] FedEx 1Day Freight* *Next business day*
- [ ] FedEx 2Day Freight *Second business day*
- [ ] FedEx 3Day Freight *Third business day*

*Call for Confirmation

### 5 Packaging    *Declared value limit $500.*

- [x] FedEx Envelope*
- [ ] FedEx Pak* *Includes FedEx Small Pak, FedEx Large Pak, and FedEx Sturdy Pak*
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

### 6 Special Handling    *Include FedEx address in Section 3.*

- [ ] SATURDAY Delivery *Available ONLY for FedEx Priority Overnight, FedEx 2Day, FedEx 1Day Freight, and FedEx 3Day*
- [ ] HOLD Weekday at FedEx Location *NOT Available for FedEx First Overnight*
- [ ] HOLD Saturday at FedEx Location *Available ONLY for FedEx Priority Overnight and FedEx 3Day to select locations*

Does this shipment contain dangerous goods?
*One box must be checked.*

- [x] No
- [ ] Yes *As per attached Shipper's Declaration*
- [ ] Yes *Shipper's Declaration not required*
- [ ] Dry Ice *Dry Ice, 9, UN 1845* ___ kg

*Dangerous goods (including Dry Ice) cannot be shipped in FedEx packaging.*

- [ ] Cargo Aircraft Only

### 7 Payment    *Bill to:*

Enter FedEx Acct. No. or Credit Card No. below.

- [x] Sender *Acct. No. in Section 1 will be billed.*
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

FedEx Acct. No.
Credit Card No.

| Total Packages | Total Weight | Total Declared Value† |
|---|---|---|
| 1 | | $ .00 |

†Our liability is limited to $100 unless you declare a higher value. See back for details.

FedEx Use Only    0056

### 8 Sign to Authorize Delivery Without a Signature

By signing you authorize us to deliver this shipment without obtaining a signature and agree to indemnify and hold us harmless from any resulting claims.

466

SRF+ Rev. Date 11/03•Part #152270•©1994-2003 FedEx•PRINTED IN U.S.A.

Try online shipping at fedex.com
By using this Airbill you agree to the service conditions on the back of this Airbill and in our current Service Guide, including terms that limit our liability.
Questions? Visit our Web site at fedex.com or call 1.800.GoFedEx 1.800.463.3339.

0297893422

P.24    JUN 20 07 08:39P

FedEx | Track

Page 1 of 1

Track Shipments
## Detailed Results

(?) Quick Help

| | | | | |
|---|---|---|---|---|
| **Tracking number** | 850736028422 | **Reference** | OJO | |
| **Signed for by** | B.ELLIOTT | **Delivered to** | Mailroom | |
| **Ship date** | May 25, 2005 | **Service type** | Priority Envelope | |
| **Delivery date** | May 26, 2005 8:49 AM | | | |

**Status**          Delivered

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| **May 26, 2005** | 8:49 AM | **Delivered** | | |
| | 7:24 AM | On FedEx vehicle for delivery | LINTHICUM HEIGHTS, MD | |
| | 7:20 AM | At dest sort facility | BALTIMORE, MD | |
| | 6:35 AM | At local FedEx facility | LINTHICUM HEIGHTS, MD | |
| | 3:08 AM | At dest sort facility | BALTIMORE, MD | |
| **May 25, 2005** | 9:21 PM | Left origin | WASHINGTON, DC | |
| | 5:58 PM | Picked up | WASHINGTON, DC | |

[ Signature proof ]   [ Track more shipments ]

Email your detailed tracking results (optional)

Enter your email, submit up to three email addresses (separated by commas), add your
message (optional), and click **Send email.**

Add a message to this email.

From

To

[ Send email ]

000057

5

**U.S. Department of Homeland Security**
**U.S. Citizenship and Immigration Services**                    **DECISION**

Fallon Federal Building, 31 Hopkins Plaza, Baltimore, MD 21201

                                                        Refer To This File Number:
**JUN 0 8 2005**                                        A74 203 808

Kim Ojo
1262 Limit Avenue
Baltimore, MD 21239

Dear Ms. Ojo:

It is ordered that your Petition for Alien Relative, Form I-130...

                        ___  be denied because:

                        _✓_  be revoked because:

                        (see attached decision)

You may, if you wish, appeal this decision. You must submit such an appeal to **THIS OFFICE**
with a filing fee of $110.00. If you do not file an appeal within the time allowed, this decision is
final. Appeal in your case may be made to:

    _✓_ The Board of Immigration Appeals (Board) in Falls Church, Virginia. It must
        reach this office within 15 calendar days from the date this notice is served (18
        days if this notice is mailed).

    ___ The Administrative Appeals Unit (AAU) in Washington, D.C. It must reach this
        office within 30 calendar days from the date this notice is served (33 days if this
        notice is mailed).

**Do NOT send your appeal directly to the Board or to the AAU. Please direct any questions**
**you may have to the Immigration and Naturalization Service office nearest your residence.**

                        Sincerely,


                        Richard C. Caterisano
                        District Director

Cc: Danielle Beach-Oswald, Esq.

                                                        1
                                                        **000058**

PETITIONER: Kim Ojo

BENEFICIARY: Olanrewaju Dennis Ojo

Reference is made to the Petition for Alien Relative, Form I-130, which you filed on behalf of Olanrewaju Dennis Ojo on February 9, 2004, seeking to classify him as the spouse of a citizen of the United States under Section 201(b) of the Immigration and Nationality Act. Your petition was approved on November 12, 2004.

On May 13, 2005, you were notified of this Service's intent to revoke your petition. In accordance with <u>Matter of To</u>, 14 I&N Dec. 679 (BIA 1974), you were afforded fifteen (15)days to submit any additional evidence in support of the visa petition.

However, as of the date of this notice, you have failed to respond to the Service's notice. As such, the records of this Service reflect that the beneficiary entered into a sham marriage with Michelle Owens, aka Michelle Daniels, aka Michelle Owens-Ojo. Pursuant to the provisions of Section 204(c) of the Act, your petition is precluded from approval and was approved in error.

In visa petition proceedings, the petitioner bears the burden of establishing eligibility for the benefit sought. <u>Matter of Brantigan</u>, 11 I&N Dec. 493 (BIA 1966). You have failed to meet that burden.

Accordingly, your petition is hereby is revoked.

2

000059

6

 

LAW OFFICES
## NOTO & OSWALD, PC
SUITE 900
888 17TH STREET, N.W.
WASHINGTON, D.C. 20006-3307
(202) 331-2883
FAX: (202) 261-2835

DANIELLE L. C. BEACH-OSWALD
DIRECT DIAL (202) 261-2807
DBEACH@NOTO-OSWALD.COM

9 June 2005

<u>Via Federal Express 8507 3602 8525</u>

**Mr. Richard C. Caterisano**
District Director
DHS/USCIS
31 Hopkins Plaza, 1st Floor
Baltimore, MD 21201

**Re:** **REPLY TO USCIS' NOTICE OF I-130 REVOCATION**
**Petitioner:    Mrs. Kim OJO (USC wife)**
**Beneficiary:  Mr. Olanrewaju Dennis OJO (A74-203-808)**

Dear Director Caterisano:

I am writing in response to your June 8, 2005 I-130 revocation notice. I wish to express how deeply disappointed I am with USCIS' utterly unfair treatment of this case. A minimal decency would have required that USCIS at least grant our request for extension and give us a fair opportunity to respond to the Service's intent to revoke. This revocation places an unduly emotional and economic hardship on Mrs. Ojo and her entire family. They now will have to proceed with a costly and time-consuming appeal procedure, which could have been avoided if the Service provided us with our 30-day extension request.

To remind you, here are the facts of this case. On November 12, 2004, after a detailed interview conducted by a very experienced and proficient examiner Ms. Elaine Young, the Service approved Mrs. Ojo's I-130. Next, the Service changed its mind and on May 13, 2005 issued an intent to deny, which we received on May 20, 2005.

On May 25, 2005, the day of Mr. Ojo's individual hearing before the Hon. Judge Dornell, we requested a 30-day extension to file our reply. (See copy of our letter and Federal Express tracking information proving that the Service received our extension request on May 26, 2005 before the May 28, 2005 deadline to respond to the intent to deny.)

In spite, the Service ignoring our request, issued simply revoked the I-130 stating that we "failed to respond to the Service's notice."

000060

NOTO & OSWALD, PC

We demand that you honor our request for extension and accept our response to your intent to deny **by June 27, 2005** as we asked originally.

Thank you for your attention to this matter.

Very truly yours,

Danielle Beach-Oswald

Enclosed:
- Copy of out May 25, 2005 Extension Request
- Federal Express tracking information



April 4, 2007

Board of Immigration Appeals
5107 Leesburg Pike, Suite 2000
Falls Church, VA 22041

        *RE: STATUS INQUIRY*
          *Olanrewaju OJO A # 74-203-808*

Dear Pat Wegner:

    Mrs. Kim OJO has filed two **I-130 Petition for Alien Relatives** on behalf of her husband Mr. Olanrewaju OJO,# 74-203-808. The second I-130 was originally approved by Immigration Officer Elaine Young; however, soon thereafter, the Service issued an Intent to Deny. Subsequently, the I-130 Petition was denied. Mrs. OJO filed an **appeal** to this decision with the Citizenship and Immigration Services in **2005**. It is the Service's responsibility to forward the appeal to the Board of Immigration Appeals within one year of the filing.

    Mr. Ojo had an **Infopass** Appointment with Officer Powe on Tuesday, March 27, 2007. Officer Powe told him that CIA transferred the Notice of Appeal to the BIA on **November 22, 2006**. However, Officer Powe could not provide Mr. Ojo with any proof of this. Mr. Ojo respectfully requests the Board of Immigration Appeals **confirm** this transfer date and provide him with an **update** on the status of his case. Thank you for your immediate attention to this matter.

               Very truly yours,

               Danielle L.C. Beach-Oswald
               Beach-Oswald Immigration Law Associates

DBO/cml/11052

April 4, 2007

Mr. Gregory Collett
District Director
DHS/USCIS
31 Hopkins Plaza, 1st Floor
Baltimore, MD 21201

     *RE: STATUS INQUIRY*
         *Olanrewaju OJO A # 74-203-808*

Dear Director Collett:

     Mrs. Kim OJO has filed two **I-130 Petition for Alien Relatives** on behalf of her husband Mr. Olanrewaju OJO,# 74-203-808. The second I-130 was originally approved by Immigration Officer Elaine Young; however, soon thereafter, the Service issued an Intent to Deny. Subsequently, the I-130 Petition was denied. Mrs. OJO filed an **appeal** to this decision with the Citizenship and Immigration Services in **2005**. It is the Service's responsibility to forward the appeal to the Board of Immigration Appeals within one year of the filing. However, neither Mr. Ojo nor his counsel, Danielle L.C. Beach-Oswald, knows at the present time if the appeal was in fact forwarded to the Board of Immigration Appeals. Mr. Ojo requests CIS inform him of when the transfer of the file occurred and provide him with a general status update on his case. Thank you for your immediate attention to this matter.

            Very truly yours,


            Danielle L.C. Beach-Oswald
            Beach-Oswald Immigration Law Associates

DBO/cml/11052



**U.S. Department of Justice**
Executive Office for Immigration Review
Board of Immigration Appeals, Office of the Clerk
P.O. Box 8530
5107 Leesburg Pike, Suite 2000
Falls Church, Virginia 22041

EOIR status toll free telephone line:   ( 800)  898-7180
Tel. (703) 605-1007
Board's *Practice Manual*:   www.usdoj.gov/eoir

Date: _6/7/07_          RE: _A·74 203- 808_

Appeal from a DHS District Director's Decision

> *Your submission is being returned for the reason(s) indicated.   No record has been made of this correspondence and should you write again concerning this same matter, please return this notice along with your correspondence.*

■    **DO NOT file your appeal (EOIR-29) directly with the Board of Immigration Appeals.** An appeal from a decision of a DHS/CIS (formerly "INS") District Director must be filed with the District Director/Service Center where the petition was denied.  Use a Form EOIR-29 (Notice of Appeal to the Board of Immigration Appeals from a Decision of an INS Officer) and include a filing fee of $110.   *Attach a copy of the District Director's decision that is being appealed.*  You may include a brief and supporting documents with your appeal.  **Please read the __INSTRUCTIONS__ on the reverse side of the enclosed appeal form.**

■    The Board of Immigration Appeals shows no record that this case is pending before it.

■    Once the EOIR-29 (appeal) is received and processed, the DHS/CIS will forward the complete record of proceedings to the Board when the record is ready.  When the Board receives the record, a receipt will be sent to the parties to indicate that the file is at the Board and that a decision will be forthcoming.   Until the DHS/CIS forwards the record of proceedings to the Board, all status inquiries and submissions must be directed to the DHS/CIS office where the appeal was filed.

■    To determine the whereabouts of the record file and the status of this case, please contact the DHS/CIS office where the appeal was filed.

■    The *beneficiary's* full name and 8-digit alien registration number ("A" number) must be indicated on all correspondence and other filings.

_Patricia E. Wegner, Appeals Examiner_

*We do __not__ have the appeal.*

000064

LAW OFFICES

# BEACH-OSWALD IMMIGRATION LAW ASSOCIATES, PC

SUITE 901
888 17TH STREET, N.W.
WASHINGTON, D.C. 20006-3307
(202) 331-3074
FAX: (202) 261-2835

ROBERT L. OSWALD
RLOSWALD@BEACH-OSWALD.COM                                        *ADMITTED IN MD ONLY

DANIELLE L. C. BEACH-OSWALD
DBEACH@BEACH-OSWALD.COM

ROBERT ALMOSD*
RALMOSD@BEACH-OSWALD.COM                    May 31, 2007

Pat Wegner, Appeals Examiner
Board of Immigration Appeals
5107 Leesburg Pike, Suite 2000
Falls Church, VA 22041

### RE: *SECOND STATUS INQUIRY*
*Olanrewaju OJO A # 74-203-808*

Dear Pat Wegner:

     I am writing to follow up with a status inquiry request sent to Director Collett on April 4, 2007. (See copy of enclosed letter). Mr. Ojo filed an appeal of his I-130 revocation with the Citizenship and Immigration Services on **June 8, 2005**. As mentioned in my previous letter, Mr. Ojo had an Infopass appointment with Officer Powe on March 27, 2007, at which he was told that CIS had transferred the Notice of Appeal to the BIA on November 22, 2006. However, after speaking with the BIA Clerk on several occasions, I have been informed that the BIA has in fact not received the Notice of Appeal and accompanying brief from CIS.

     I am filing a mandamus complaint on Mr. Ojo's behalf in order to compel CIS to transfer the Notice of Appeal to the BIA for adjudication of his properly filed I-130 Appeal. Therefore, I am writing this letter to request written documentation that the BIA has not received the Notice of Appeal, as CIS suggests, as well as a written description of your appeals intake procedures to confirm that CIS has not transferred the Notice. I was informed by the BIA Clerk on May 29, 2007 that I should submit this letter to your attention. I would greatly appreciate your prompt attention in this matter.

Sincerely,

Danielle Beach-Oswald
Beach-Oswald Immigration Law Associates PC

DBO/mjj/11052

000065

LAW OFFICES

# BEACH-OSWALD IMMIGRATION LAW ASSOCIATES, PC

SUITE 901
888 17TH STREET, N.W.
WASHINGTON, D.C. 20006-3307
(202) 331-3074
FAX: (202) 261-2835

ROBERT L. OSWALD
RLOSWALD@BEACH-OSWALD.COM

*ADMITTED IN MD ONLY

DANIELLE L. C. BEACH-OSWALD
DBEACH@BEACH-OSWALD.COM

ROBERT ALMOSD*
RALMOSD@BEACH-OSWALD.COM

April 4, 2007

Board of Immigration Appeals
5107 Leesburg Pike, Suite 2000
Falls Church, VA 22041

### RE:  STATUS INQUIRY
### Olanrewaju OJO A # 74-203-808

Dear Pat Wegner:

Mrs. Kim OJO has filed two **I-130 Petition for Alien Relatives** on behalf of her husband Mr. Olanrewaju OJO,# 74-203-808. The second I-130 was originally approved by Immigration Officer Elaine Young; however, soon thereafter, the Service issued an Intent to Deny. Subsequently, the I-130 Petition was denied. Mrs. OJO filed an **appeal** to this decision with the Citizenship and Immigration Services in **2005**. It is the Service's responsibility to forward the appeal to the Board of Immigration Appeals within one year of the filing.

Mr. Ojo had an **Infopass** Appointment with Officer Powe on Tuesday, March 27, 2007. Officer Powe told him that CIA transferred the Notice of Appeal to the BIA on **November 22, 2006**. However, Officer Powe could not provide Mr. Ojo with any proof of this. Mr. Ojo respectfully requests the Board of Immigration Appeals **confirm** this transfer date and provide him with an **update** on the status of his case. Thank you for your immediate attention to this matter.

Very truly yours,

Danielle L.C. Beach-Oswald
Beach-Oswald Immigration Law Associates

DBO/cml/11052

000066

*C 02—1651 HHK* (handwritten)

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Olanrewaju Dennis OJO | ~~Emilio Gonzalez, Gregory Collett and~~ Michael Chertoff, *ETAC* |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Baltimore
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Robert L. Oswald, Esq., 888 17th Street NW, Suite 310 Washington DC 20006
*202 331-3074* (handwritten)

Case: 1:07-cv-01651
Assigned To : Kennedy, Henry H.
Assign. Date : 9/19/2007
Description: Admn. Agency Review

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**☒ C. Administrative Agency Review**

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

This is an action under 28 USC 1331 (fed. question juris.), and sec. 1361 (mandamus action to compel a US officer to perform a duty owed to the plaintiff)

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ [          ]  Check YES only if demanded in complaint<br>**JURY DEMAND:**   YES ☐   NO ☐ |
|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 09/19/2007   SIGNATURE OF ATTORNEY OF RECORD  *Michael Oswald*

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.**   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.**   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.**   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.