# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OLANWERAJU DENNIS OJO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number:  1:07CV01651(HHK) |
| ) | |
| MICHAEL CHERTOFF, Secretary, ) | |
| Department of Homeland Security, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION

Defendants, by and through their undersigned attorneys, respectfully move to dismiss this case for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant United States Citizenship and Immigration Services ("USCIS") has mailed the record of proceeding, briefs, and notice of appeal to the Bureau of Immigration Appeals ("BIA") in connection with Plaintiff's appeal of the denial of the I-130 Petition for Immediate Relative filed on his behalf by his spouse. That renders the case moot, because the complaint seeks to compel Defendants to transmit the appeal to the BIA. Dismissal for lack of subject matter jurisdiction is therefore required under Rule 12(b)(1). A memorandum in support and proposed order are attached.

February 1, 2008                          Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　 /s/
　　　　　　　　　　　　　　　　　　　　　JEFFREY A. TAYLOR, D.C. BAR # 498610
　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　　　　 /s/
　　　　　　　　　　　　　　　　　　　　　RUDOLPH CONTRERAS, D.C. BAR #434122
　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　　　　 /s/ Robin M. Meriweather

ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198
Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                                )
OLANWERAJU DENNIS OJO,                      )
                                                                )
           Plaintiff,                                       )
                                                                )
   v.                                                   )  Case Number:  1:07CV01651(HHK)
                                                                )
MICHAEL CHERTOFF, Secretary,              )
Department of Homeland Security, et al.   )
                                                                )
           Defendants.                                   )
                                                                )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION**

Defendants respectfully move that this case be dismissed for lack of subject matter jurisdiction because this case is moot. Plaintiffs' mandamus complaint seeks an order compelling Defendants to "immediately and forthwith take all appropriate action to transfer Plaintiff's appeal from a CIS decision denying his I-130 Petition for Alien Relative (I-130) to the Board of Immigration Appeals (BIA)." Compl. ¶ 1. Defendant United States Citizenship and Immigration Services ("USCIS") forwarded the record to the BIA, and filed its brief, on November 23, 2007. Those voluntary actions eliminated any live controversy that may have existed between the parties, thereby depriving this Court of jurisdiction. The case should therefore be dismissed as moot.

**BACKGROUND**

This case concerns a Form I-130 application for alien relative filed on Plaintiff's behalf by his spouse, Mrs. Kim Ojo. That application seeks to declare Plaintiff eligible for lawful permanent resident status by virtue of his marriage to a United States citizen. See Compl. ¶ 10.

The I-130 application at issue in this case is the third such application that Mrs. Ojo has filed on Plaintiff's behalf.  See Compl. Exh. 3 at 5-6.  Although USCIS initially granted the third I-130, it subsequently issued a notice that it intended to revoke the I-130 because its records contained "overwhelming evidence that the marriage between Michelle Owens [Plaintiff's prior spouse] and [Plaintiff] was fraudulent."  Id. at 7.  That prior fraudulent marriage rendered Plaintiff ineligible for immediate relative status under Section 204(c) of the Immigration and Nationality Act.  See id. at 1-2.  That provision provides, in pertinent part, that "no petition shall be approved if the alien has previously . . . sought to be accorded, an immediate relative or preference status as the spouse of a citizen of the United States . . . by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws."  8 U.S.C. § 1154(c).

On June 8, 2005, USCIS revoked the I-130 Mrs. Ojo filed on Plaintiff's behalf.  See Compl. Exh. 5.  USCIS concluded that its records "reflect that the beneficiary entered into a sham marriage with Michelle Owens," thereby precluding approval of the I-130 petition filed on his behalf by Mrs. Ojo.  See id. at 2.  That revocation was consistent with USCIS's denial of a prior I-130 Mrs. Ojo filed on Plaintiff's behalf, which the BIA affirmed.  See Compl. Exh. 3 at 5 (discussing disposition of the first I-130).  The revocation advised Mrs. Ojo that she could appeal the I-130 by submitting a notice of appeal to the USCIS Baltimore District Office.  See Compl. Exh. 5 at 1; 8 C.F.R. § 1003.3(a)(2) (directing applicants to file their notice of appeal of adverse USCIS rulings with the USCIS office that controls the record).

Plaintiff initiated this action with a mandamus complaint which asked the Court to compel USCIS to transmit to the BIA the appeal of USCIS's denial of the third I-130 filed on his behalf.

Compl. ¶ 1. On November 23, 2007, USCIS sent the record of proceeding to the BIA by overnight delivery. See Declaration of Jason Raphael, ¶ 3. USCIS received confirmation from the carrier (DHL) indicating that the BIA received the record of proceeding November 27, 2007, and that the package was signed by W. Abraham. See id. ¶ 3 and Exh. 2.

## STANDARD OF REVIEW

Defendants move for dismissal under Rule 12(b)(1), as events subsequent to the complaint deprived the Court of any subject matter jurisdiction that may have existed. See Fed. R. Civ. P. 12(b)(1). When reviewing a 12(b)(1) motion to dismiss, "the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Bd., 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003). In addition, plaintiff bears the burden of persuasion, and must establish subject-matter jurisdiction "by a preponderance of the evidence." Thompson, 120 F.Supp.2d at 81; Vanover, 77 F.Supp.2d at 98. To determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992); Rann, 54 F. Supp. at 64.

## ARGUMENT

Under Article III, section 2 of the Constitution, federal courts only have jurisdiction to adjudicate actual ongoing cases or controversies. See Deakins v. Monaghan, 484 U.S. 193, 199

3

(1988); Allen v. Wright, 468 U.S. 737, 750 (1984); Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 349 (D.C. Cir. 1997). This requirement prevents the issuance of advisory opinions, as it demands the existence of an actual dispute between adverse parties with a stake in the outcome. See Richardson v. Ramirez, 418 U.S. 24, 36 (1974). In fact, "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases and controversies." Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 37 (1976) (citing Flast v. Cohen, 392 U.S. 83, 95 (1968)).

The case-or-controversy requirement must be met "through all stages of federal judicial proceedings." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990); see Arizonans for Official English, Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (explaining that for a case or controversy to be "justiciable" under the Constitution, it must be "extant at all stages of review, not merely at the time the complaint is filed"); Columbian Rope Company v. West, 142 F.3d 1313, 1316 (D.C. Cir. 1998) (explaining same). As this Circuit has explained:

> [E]ven where litigation poses a live controversy when filed, the [mootness] doctrine requires a federal Court to refrain from deciding it if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future."

Columbian Rope, 142 F.3d at 1316 (quoting Clarke v. United States, 915 F.2d 699, 701 (D.C. Cir. 1990) (en banc)). Once a case becomes moot, the court loses jurisdiction. See City of Houston v. Department of Housing and Urban Dev., 24 F.3d 1421, 1426 (D.C. Cir. 1994).

In mandamus actions seeking to compel agency action, the mootness doctrine comes into play when the agency takes the action requested in the mandamus petition. See Thompson v. United States Dep't of Labor, 8 13 F.2d 48, 51 (3d Cir.1987) (action for declaratory and

mandamus relief from hold placed on administrative complaint rendered moot when agency reactivated complaint); Gray v. Office of Pers. Mgmt., 771 F.2d 1504, 1514 (D.C. Cir 1985) (mandamus to compel agency decision became moot when agency rendered decision); Bouguettaya v. Chertoff 472 F. Supp. 2d 1, 2 (D.D.C. 2007) (finding alien's request for writ of mandamus to compel CIS to process application was moot because application was denied following filing of the action). Such cases are properly dismissed on mootness grounds because there is no further judicial function for the Court to perform. See Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987); Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982); Trueblood v. Dep't of Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996).

In this case, the Court lacks subject matter jurisdiction because USCIS's transmission of the appeal to the BIA ended any live controversy between the parties. Plaintiff asked this Court to compel Defendants to forward the appeal to the BIA. Compl. ¶ 1. Thereafter, without any court intervention, USCIS transmitted the official record of proceeding to BIA. See Raphael Decl. ¶¶ 2-3. Even assuming arguendo that Plaintiff had a viable claim at the time the complaint was filed, he has now received the relief sought from Defendants. Therefore, this Court lacks jurisdiction and should dismiss the case as moot. See Bouguettaya, 472 F. Supp.2d at 2 (dismissing case as moot where immigration application at issue had been denied).

Plaintiff's request for attorney's fees and costs does not prevent application of the mootness doctrine in this case. To be sure, the transmission of the appeal did not satisfy Plaintiff's desire for fees and costs. However, a party's request for attorney's fees is "collateral to, and separate from" the merits. Shultz v. Crowley, 802 F.2d 498, 502 (D.C. Cir. 1986). Accordingly, a fee request does not preserve a case that is otherwise moot. Friends of Keeseville,

Inc. v. F.E.R.C., 859 F.2d 230, 233 n.7 (D.C. Cir. 1988); American Council for the Blind v. Washington Metro. Area Trans. Auth., 133 F. Supp. 2d 66, 72 n.1 (D.D.C. 2001).

In any event, Plaintiff is not entitled to fees or costs in this litigation. The Equal Access to Justice Act permits a court to award reasonable attorney's fees to a "prevailing party" in an action against the United States. 28 U.S.C. § 2412(b). Here, Plaintiff has not "prevailed" because the Court has not awarded him any relief. See Oil, Chem. & Atomic Workers Int'l Union v. Dep't of Energy, 288 F.3d 452, 456-57 (D.C. Cir. 2002); see also Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health and Human Res., 532 U.S. 598, 605 (2001) ("We cannot agree that the term 'prevailing party' authorizes federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined), has reached the 'sought-after destination' without obtaining any judicial relief."). Accordingly, USCIS's voluntary transmission of the appeal to BIA deprives Plaintiff of any claim for fees or costs.

## CONCLUSION

For the foregoing reasons, the Court should GRANT Defendants' motion to dismiss.

Dated: February 1, 2008Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

    /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198  Facsimile: (202) 514-8780
Robin.Meriweather2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of February, 2008, I caused the foregoing Motion to be filed and served via the Court's Electronic Case Filing system.

                                                      /s/  *Robin M. Meriweather*
                                        ROBIN M. MERIWEATHER, D.C. Bar # 490114

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
OLANWERAJU DENNIS OJO,              )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   Case Number:  1:07CV01651(HHK)
                                    )
MICHAEL CHERTOFF, Secretary,        )
Department of Homeland Security, et al. )
                                    )
        Defendants.                 )
                                    )
_____)

**ORDER**

Upon consideration of Defendants' Motion to Dismiss, it is this _____ day of

_____, 2008,

ORDERED that Defendants' Motion to Dismiss be and is hereby GRANTED.

It is further ORDERED that Plaintiff's complaint be and is hereby DISMISSED for lack of jurisdiction.

SO ORDERED.

_____
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
-----------------------------------------------------X
Visa Revocation Proceedings of

Kim Ojo,
    Petitioner,                             CIVIL ACTION
                                                   Case: 1:07-cv-01651
Olanrewaju Ojo,                       Admn. Agency Review
    Beneficiary.
-----------------------------------------------------X

**U.S. CITIZENSHIP AND IMMIGRATION SERVICES**
**AFFIDAVIT BY JASON RAPHAEL, ASSOCIATE REGIONAL COUNSEL**

I, Jason Raphael, declare:

I am an associate regional counsel assigned to the , Northeast Region of the United States Citizenship and Immigration Services of the Department of Homeland Security (hereinafter "USCIS"). I have carefully reviewed the file relating to this case and state the following based upon information and belief:

1. On November 23, 2007 I prepared a reply brief in opposition to the petitioner's visa petition revocation brief on appeal to the Board of Immigration of Appeals ("BIA").

2. I placed the reply brief in an official record of proceeding ("ROP") that also contained the entire record that the USCIS relied upon in revoking the present petition, the third filed by his putative spouse. The BIA has already ruled that the Olanrenwaju Ojo has committed marriage fraud and that he cannot avail himself of I-130 petitions because of the fraud bar found at 8 U.S.C. § 1154(c). The petitioner, who has no standing

1

with regard to ANYTHING concerning the I-130, <u>Matter of Sano</u>, 19 I&N Dec. 299 (BIA 1985), also filed a petition for review in 2001 in the Fourth Circuit concerning the identical marriage that the BIA had already ruled was barred by statute. The respondent is in removal proceedings in Baltimore and appears to have no relief.

3. I mailed the ROP to the BIA by DHL overnight. The attached receipt shows the BIA received the ROP on 11/27/2007 and that the package was signed by W. Abraham.

4. I mailed a copy of the reply brief to counsel of record by first class mail.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the above is true and correct.

Executed this 31st day of January 2008.

_____
Jason Raphael
Associate Regional Counsel
U.S. Dept. of Homeland Security
Citizenship & Immigration Services

2

Exhibit 1 to Raphael Affidavit

DHL Waybill (Sender's Copy)

- Sender Account Number: 791017821
- Preprint Format No.: 135612322
- Waybill Number: 57057915541
- Origin: WTC
- Account No.: 852513730

FROM (Company): DHS/USCIS
Street Address: 26 FEDERAL PLAZA, Rm 1130
City: NEW YORK
State: NY
ZIP CODE: 10278
Sent by: JASON RAPHAEL
Phone: 212-264-9209

TO (Company): Board of Immig. Appeals
Street Address: 5107 Leesburg Pike
City: Falls Church
State: VA
ZIP CODE: 22041
Attention: Clerk's Office
Phone: 703-605-1007
Description: file

Payment: Receiver 3rd Party (checked)
# of Pkgs: 1
Weight (LBS): 4

Sender's Signature: [signed] Raphael   Date: 1/29/07

SENDER'S COPY

Exhibit 2 to Raphael Affidavit



# Track results detail

▸ Print this page

## Tracking results detail for 57057915541

**Tracking summary**

| | | |
|---|---|---|
| Current Status | ✓ | **Shipment delivered.** |
| Delivered on | | 11/27/2007  9:26 am |
| Delivered to | | Receptionist |
| Signed for by | | **W ABRAHAM** |

## Tracking history

| Date and Time | | Status | Location |
|---|---|---|---|
| 11/27/2007 | 9:26 am | Shipment delivered. | Alexandria, VA |
| | 8:04 am | With delivery courier. | Alexandria, VA |
| | 6:51 am | Arrived at DHL facility. | Alexandria, VA |
| | 2:17 am | Processed at DHL Location. | Allentown Hub, PA |
| | 2:17 am | In transit. | Allentown Hub, PA |
| 11/26/2007 | 6:27 pm | Processed at DHL Location. | Chantilly, VA |
| | 6:27 pm | Depart Facility | Chantilly, VA |
| | 5:33 pm | In transit. | Chantilly, VA |
| | 2:45 pm | Shipment arrived at incorrect facility. Sent to correct destination. | Chantilly, VA |
| | 8:33 am | Arrived at DHL facility. | Chantilly, VA |
| 11/24/2007 | 8:08 am | Arrived at DHL facility. | Chantilly, VA |
| | 1:19 am | Processed at DHL Location. | Allentown Hub, PA |
| | 1:19 am | In transit. | Allentown Hub, PA |
| 11/23/2007 | 11:54 pm | Transit through DHL facility | Allentown Hub, PA |
| | 10:56 pm | Depart Facility | New York, NY |
| | 8:17 pm | Processed at DHL Location. | New York, NY |
| | 7:51 pm | Departing origin. | New York, NY |
| | 6:09 pm | Shipment picked up | New York, NY |

**Ship From:**
DHS/USCIS
New York, NY  10278
United States

**Ship To:**
BOARD OF IMMIG APPEALS
Falls Church, VA  22041
United States

**Shipment Information:**
Ship date: 11/23/2007
Pieces: 1
Total weight: 12 lbs *
Ship Type: Package
Shipment Reference:
Service: Next Day
Special Service:
Description:

**Attention:**
DHS/USCIS

**Attention:**
BOARD OF IMMIG APPEALS

Tracking detail provided by DHL: 1/31/2008, 8:20:09 am pt.

You are authorized to use DHL tracking systems solely to track shipments tendered by or for you to DHL. Any other use of DHL tracking systems and information is strictly prohibited.

**\* Note on weight:**
The weights displayed on this website are the weights provided when the shipment was created. Actual chargeable weights may be different and will be provided on invoice.