IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| OLANWERAJU DENNIS OJO, ) <br> ) <br> Plaintiffs, ) <br> ) <br> V ) <br> ) <br> MICHAEL CHERTOFF, Secretary, ) <br> Department of Homeland Security, et al. ) <br> ) <br> Defendants. ) <br> ) | Case Number: 1:07CV01651(HHK) |

## REPLY TO DEFENDANTS' MOTION TO DISMISS

Plaintiff, by and through his undersigned attorney, respectfully opposes Defendants' motion to dismiss this case. Contrary to Defendants' motion, this Court retains jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant United States Citizenship and Immigration Services ("USCIS") has <u>not</u> in fact mailed the record of proceeding, briefs, and notice of appeal to the Bureau of Immigration Appeals ("BIA") in connection with Plaintiff's appeal of the denial of the I-130 Petition for Immediate Relative filed on his behalf by his spouse. Therefore, this case has not been rendered moot, because the complaint seeks to compel Defendants to transmit the appeal to the BIA, which has not yet been done. Dismissal for lack of subject matter jurisdiction is therefore improper under Rule 12(b)(1). A memorandum in opposition to Defendants' motion is attached.

February 15, 2008                                                                                       Respectfully submitted,

/s/_____
ROBERT L. OSWALD

1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| OLANWERAJU DENNIS OJO,    ) | |
| )           | |
| Plaintiffs,       ) | |
| )           | |
| V          ) | Case Number: 1:07CV01651(HHK) |
| )           | |
| MICHAEL CHERTOFF, Secretary,    ) | |
| Department of Homeland Security, et al.   ) | |
| )           | |
| Defendants.       ) | |

## MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

### INTRODUCTION AND SUMMARY

Plaintiff, by and through Counsel, submit this Memorandum in opposition to the Defendants' motion to dismiss. Given the factual basis of the underlying Complaint and Defendants' factual erroneous arguments contained within its motion, Plaintiffs request that the Honorable Judge Kennedy accordingly dismiss the Defendants' motion and require Defendants to complete the adjudication of Plaintiff's application.

Plaintiff's mandamus complaint seeks an order compelling Defendants to "immediately and forthwith take all appropriate action to transfer Plaintiff's appeal from a [United States Citizenship and Immigration Services] USCIS decision denying his I-130 Petition for Alien Relative (I-130) to the Board of Immigration Appeals (BIA)." Contrary to Defendants' claim that Defendant ("USCIS") mailed the record of proceeding, briefs, and notice of appeal to the BIA on November 23, 2007 in connection with Plaintiff's appeal of the denial of the I-130 Petition for Immediate Relative, thereby rendering this case moot, <u>to date the BIA has not received the appeal</u>. Given that the

2

underlying basis for Plaintiff's complaint for mandamus or writ for declaratory judgment was the transfer of Plaintiff's appeal to the BIA, this case is not moot and this Court retains original jurisdiction. Accordingly, Defendants' motion is facially incorrect and Plaintiffs' request that it be dismissed.

Today, February 15, 2008, undersigned Counsel spoke with Ms. Tia Penuelo, a BIA clerk, seeking to confirm Defendants' claim that the appeal was transferred on November 23, 2007, as alleged its motion to dismiss. However, Ms. Penuelo indicated that Plaintiff's appeal has not been received by the BIA. Additionally, as indicated in the correspondence dated November 27, 2007 from Ms. Patricia E. Wagner, the Appeals Examiner from the Board of Immigration Appeals, contained in *Exhibit 1*, "the Board shows no record that the judge's decision was appealed to the Board." (Emphasis in original). As such, Defendants' asserted basis for the motion—that Defendant USCIS "eliminated any live controversy that may have existed between the parties, thereby depriving this Court of jurisdiction"—is incorrect.[1]

The mootness doctrine cannot be invoked when the agency in question has not taken the action requested in the mandamus petition. *See Nat'l Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997). On July 8, 2005, over two and a half years ago, Counsel filed a Notice of Appeal, Form EOIR 29, and a supporting brief with the CIS, to be transferred to the BIA for adjudication. To date, the BIA has no record of Mr. Ojo's Notice of Appeal or supporting brief. It is apparent that CIS has

---

[1] Undersigned Counsel has requested a written confirmation from the BIA Clerk's office confirming the falsity of Defendants' claim, however, BIA procedures mandate that requests be made in writing via mail and therefore, such confirmation would impede with Counsel's ability to file a timely opposition to Defendants' motion. Upon receiving the BIA's written confirmation, Counsel will forward it to the Court. In the meantime, the BIA's Clerk's Office can be contacted at (703)605-1007 to corroborate the aforementioned facts.

<u>failed to transfer the Notice of Appeal and supporting brief to the BIA, thereby depriving Mr. Ojo of his statutory right to an file an appeal and have a final decision made on the merits of his case.</u> *See* 8 CFR 1003.1(b)(5). Defendants are charged by law with the duty of forwarding Plaintiff's I-130 Appeal to the BIA, pursuant to § 204 of the INA. *Id.*

Defendants motion for dismissal under Rule 12(b)(1) is improper, as the alleged events subsequent to Plaintiff's complaint have not in fact occurred and therefore, the Court retains subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). When reviewing a 12(b)(1) motion to dismiss, "the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *Thompson v. Capitol Police Bd.,* 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); *see also Vanover v. Hantman,* 77 F. Supp.2d 91, 98 (D.D.C. 1999).

The Defendants still owe the Plaintiff the duty to act upon his Notice to Appeal. This duty is owed under the Immigration and Nationality Act (INA) and the federal regulations. Furthermore, by charging a filing fee, the Defendant CIS has created an obligation that the agency will process and adjudicate the petition. *See Donovan v. United States,* 580 F.2d 1203, 1208 (3d Cir. 1978) (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act). The Plaintiff has no alternative means to attain adjudication of his I-130 Appeal and his right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon Inc.,* 449 U.S. 33, 35 (1980).

Mandamus action remains the appropriate avenue for relief because the Defendants have continuously failed to act within a reasonable period of time. *See Kim v. Ashcroft,* 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004) (noting that § 555(b) of the APA

4

requires the government to act within a reasonable period of time). Plaintiff has waited for over two years to have his Notice to Appeal transferred to the Board. Defendants have, in violation of 5 U.S.C. §706(1), unlawfully withheld and/or willfully and unreasonably delayed the adjudication of Plaintiff's Notice to Appeal the revocation of his approved I-130, thereby depriving him of the right to permanent residency and to allow the peace of mind to which Plaintiff is entitled under the Immigration and Nationality Act.

Defendants owe Plaintiff a clear duty to act upon his Notice to Appeal and have unreasonably failed to perform that duty. The Defendants' delay and inaction are without justification and have forced the Plaintiff to resort to this Court for relief. Plaintiff has exhausted his administrative remedies and has met all the requirements and submitted the necessary documentation requested by the Service. Further delay in the transfer and adjudication of the Plaintiff's appeal is unnecessary and unreasonable, as the Plaintiff has provided the CIS all the documentation and information supporting his appeal.

Mr. Ojo has suffered harm due to the delay in transferring his appeal to the Board. Plaintiff lives in fear of separation from his U.S. wife and children due to the unreasonably long pendency of his appeal. The unjustified revocation of his status as the beneficiary of an approved I-130 petition has deprived him of the immigration benefits that he is lawfully entitled to.

## CONCLUSION

For the foregoing reasons, the Court should DENY Defendants' motion to dismiss.

Dated: February 15, 2008                                         Respectfully submitted,

/s/ Robert L. Oswald
ROBERT L. OSWALD

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February, 2008, I caused the foregoing Opposition Memorandum to be filed and served via the Court's Electronic Case Filing system.

/s/ Robert L. Oswald
ROBERT L. OSWALD
*Counsel for Plaintiff*
DC Bar No. 364446
Beach-Oswald Immigration Assoc., P.C.
888 17th St. NW, Suite 310
Washington DC 20006
Tel:(202) 331-2883

6



**U.S. Department of Justice**
Executive Office for Immigration Review
Board of Immigration Appeals, Office of the Clerk
P.O. Box 8530
5107 Leesburg Pike, Suite 2000
Falls Church, Virginia 22041
Tel. (703) 605-1000

EOIR status toll free telephone line: (800) 898-7180
Board's Practice Manual: www.usdoj.gov/eoir

Date: 11/27/07    Alien number: A-74-203-808

☐ Your submission is being returned for the reason(s) indicated. No record has been made of this correspondence and should you write again concerning this same matter, **please return this notice along with your correspondence**.

☐  The alien's registration number referenced in your submission does not correspond to the alien's name. This material is returned to you so that this information can be verified or corrected.

☐  Cases at the Board of Immigration Appeals are retrievable primarily by the alien's 8-digit (or, in some cases, 9-digit) registration number ("A" number). As your submission does not provide the "A" number, this case cannot be located.

☒  The Board of Immigration Appeals shows no record that this case, as referenced in your submission, is currently pending before it.

☒  The Immigration Judge entered a decision in this case on 5/25/05. The Board shows no record that the judge's decision was appealed to the Board.

☒  The Board entered a decision on _____. There is nothing presently pending before the Board concerning this case.

☐  The record of proceedings has been returned to the Immigration Court in _____.

☐  Your submission was received subsequent to the Board's decision.

☐  The Board of Immigration Appeals is not permitted to give guidance or legal advice. Immigration law is both voluminous and complex. To help you understand your situation, and determine how you should proceed, you are encouraged to seek guidance from an attorney or legal aid organization familiar with immigration law. The Immigration Court or Department of Homeland Security can give you a list of pro bono attorneys and organizations in your area that can provide assistance at little or no cost.

☒ Visa appeal was dismissed on 2/2/01.

_Patricia E. Wegner_, Appeals Examiner

6