**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| | ) | |
| OLANWERAJU DENNIS OJO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:  1:07CV01651(HHK) (DAR) |
| | ) | |
| MICHAEL CHERTOFF, Secretary, | ) | |
| Department of Homeland Security,  et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

_____

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

     United States Citizenship and Immigration Services ("USCIS") has mailed the record of proceeding, briefs, and notice of appeal to the Board of Immigration Appeals ("BIA") in connection with Plaintiff's appeal of the denial of the I-130 Petition for Immediate Relative filed on his behalf by his spouse.  That renders this case moot, because the complaint seeks an Order from this Court compelling Defendants to send the appeal to the BIA.  Plaintiff does not dispute that the complaint seeks to compel USCIS to send the appeal to the BIA, or that USCIS's performance of that task would eliminate any live controversy between the parties.  Instead, Plaintiff's opposition to Defendants' motion to dismiss rests entirely on the mistaken premise that USCIS did _not_ mail the appeal to the BIA.  Given that USCIS has demonstrated that it mailed the materials to the BIA, Defendants' motion to dismiss should be granted.

     When reviewing a 12(b)(1) motion to dismiss, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  See Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992); Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003).

A court's consideration of that extrinsic information does not convert a Rule 12(b)(1) motion to dismiss into a motion for summary judgment.    See Phoenix Consult., Inc. v. Republic of Angola, 216 F.3d 36, 40 (D.C. Cir. 2000); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987).  Here, Defendants have submitted an affidavit and a DHL receipt demonstrating that USCIS mailed the appeal to the BIA November 23, 2007, and that a person in the BIA mailroom accepted that package when it arrived at BIA November 27, 2007.  See Motion to Dismiss ("MTD") at Exhs. 1, 2 (Dkt. Entry 4).

Plaintiff has identified no legitimate basis to question the veracity of the evidence USCIS has submitted concerning its transmission of the appeal.  The USCIS attorney assigned to the I-130 appeal testified, under penalty of perjury, that he mailed the materials to the BIA via DHL.  See Raphael Decl., ¶ 3 (MTD Exh. 1).  That affidavit is entitled to "a presumption of good faith."  Calton v. Babbitt, 147 F. Supp. 2d 4, 8 (D.D.C. 2001).  Plaintiff is in no position to know whether Mr. Raphael mailed the materials, and his conclusory assertions that Mr. Raphael's testimony is false do not overcome that presumption.  Further, Defendants have corroborated Mr. Raphael's testimony with a DHL delivery receipt, which indicates that a BIA employee signed for and received the package.  See MTD Exh. 2.

The BIA's alleged inability to locate Plaintiff's appeal does not support Plaintiff's assertion that Defendants failed to mail the appeal to the BIA.  Plaintiff states that the BIA Clerk's Office does not have the appeal, and indicates that he will submit an exhibit to that effect upon receipt of a letter from BIA.  See Opp. at 3.  While BIA may have misplaced the appeal after signing for the DHL package, that does not contradict Defendants' evidence indicating that they fulfilled their duty to send those materials to the BIA in the first instance.  The BIA is not a

2

component of the Department of Homeland Security or USCIS (which is a USCIS component); instead, it is a Department of Justice agency.  See Capital Area Immigrant's Rights Coal. v. U.S. Dep't of Justice, 264 F. Supp. 2d 14, 16 (D.D.C. 2003).  Thus, Defendants have no control over BIA's handling of appellate materials after they have been mailed to the BIA.

In sum, Defendants have demonstrated that they mailed the I-130 appeal to the BIA in November, 2007, without an order from the Court compelling them to do so.  That voluntary action satisfied any duty Defendants may have had to transmit appeals of I-130 denials to the BIA.  This case is therefore moot, and must be dismissed for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons and those set forth in Defendants' Motion to Dismiss, this case should be DISMISSED.

Dated: March 6, 2008                          Respectfully submitted,

                                              _____/s/_____
                                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                                              United States Attorney


                                              _____/s/_____
                                              RUDOLPH CONTRERAS, D.C. BAR #434122
                                              Assistant United States Attorney


                                              _____/s/_____
                                              ROBIN M. MERIWEATHER, D.C. Bar. # 490114
                                              Assistant United States Attorney
                                              555 Fourth St., N.W.
                                              Washington, D.C.  20530
                                              Phone: (202) 514-7198  Facsimile: (202) 514-8780
                                              Robin.Meriweather2@usdoj.gov